# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC. and DOES 1 - 200, inclusive, <br><br> Defendants. <br><br> CLOUDFLARE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Counterdefendants. | Case No. 2:20-cv-02007-SHM-dkv <br><br> **JOINT MOTION FOR EXTENSION OF TIME TO ANSWER COUNTERCLAIMS, FOR EARLY DISCOVERY, AND FOR CASE MANAGEMENT RELIEF** |

Plaintiffs-Counterdefendants American Clothing Express, Inc. d/b/a Allure Bridals and Justin Alexander, Inc. ("Plaintiffs") and Defendant-Counterclaimant Cloudflare, Inc., ("Cloudflare") jointly move this Court (1) for an extension of time for Plaintiffs to respond to Defendant Cloudflare's Counterclaims; (2) for leave for Plaintiffs to conduct limited early discovery to gain contact information regarding Does 1-200 for purposes of service of process, and for special treatment of interrogatories pertaining to multiple Doe defendants; and (3) for limited relief from case management activities until Plaintiffs answer Cloudflare's Counterclaims. As grounds for the motion, the parties state as follows:

**Extension of Time for Plaintiffs to Answer Counterclaims**

1. Defendant Cloudflare, Inc. filed its Counterclaims and Answer to the Complaint on March 20, 2020. Plaintiffs' responsive pleading is currently due April 10, 2020.

2. In light of the COVID-19 situation, Plaintiffs need additional time to investigate the allegations in the Counterclaim and to gather the information needed to properly respond to the Counterclaim. Cloudflare has agreed to a 45-day extension of time for the Plaintiffs to answer or otherwise respond to the Counterclaims.

3. This motion is not meant for purposes of delay, but only to allow counsel to fully investigate Cloudflare's allegations and to respond appropriately.

4. The parties therefore jointly request that Plaintiffs have a 45-day extension of their deadline to answer or otherwise respond to the Counterclaim to May 26, 2020.

**Early Discovery to Identify Doe Defendants and to Facilitate Service of Process, and Treatment of Interrogatories Relating to Multiple "Doe" Defendants**

5. The parties have agreed that Plaintiffs may seek limited early discovery of certain contact information of Does 1-200 for purposes of service of process, and Plaintiffs anticipate

1

filing a motion to permit them to use alternate means of service of process shortly after Cloudflare provides the requested information. The parties also seek to provide for special application of Rule 33(a)(1), Fed. R. Civ. P., to interrogatories pertaining to multiple Doe defendants.

6. Each plaintiff may serve upon Cloudflare an interrogatory seeking the last-known contact name, physical address, and email address (to the extent Cloudflare has them) for the Does 1-200 whom that plaintiff alleges to have infringed upon its copyrights, which each plaintiff shall identify by their domain names. The parties agree that, whenever a party seeks information from another party about Does 1-200 or a subset of them through an interrogatory, they will waive "compound" objections that depend solely upon the number of "Does" and will treat the interrogatory as a single interrogatory for purposes of computing the number of interrogatories under Rule 33(a)(1), Fed. R. Civ. P. This is without prejudice to the ability of any party to object to interrogatories on other grounds.

7. Within 21 days of receipt of said interrogatories, Cloudflare shall use reasonable efforts to provide notice of the relevant interrogatory to each of the Does 1-200, by email to the last known contact email address of each that Cloudflare has, and indicate Cloudflare's intent to produce the requested information for each Doe unless the Doe seeks a protective order preventing disclosure within 14 days of the date of notice from Cloudflare (or within any further time that the Court may grant).

8. As to any Doe defendant that does not seek a protective order preventing disclosure within 14 days of the date of notice from Cloudflare, or within any extension of time that the Court may grant, Cloudflare shall produce any requested contact information in its possession, custody, or control by 60 days from Cloudflare's receipt of the interrogatory.

9. As to any Doe defendant that does seek a protective order preventing disclosure within 14 days of the date of notice from Cloudflare, or within any extension of time that the Court may grant, in the event that the Court denies the Doe defendant's request for a protective order, Cloudflare shall produce the specified contact information in its possession, custody, or control by the latest of (a) 60 days from Cloudflare's receipt of the interrogatory or (b) 14 days following the date of the Court's order or the expiration of any stay of the order.

10. In the event that no protective order generally governing confidential information has been entered in the case by the time of Cloudflare's production of information pursuant to Paragraphs 8 and/or 9 of this Stipulation, any information designated as "Confidential" by Cloudflare shall be treated as "Confidential" in accordance with the terms of the proposed protective order circulated by counsel for Cloudflare on April 2, 2020 until the Court enters a protective order generally governing confidential information in this case. Upon the entry of a protective order generally governing confidential information in this case, that protective order shall govern the use of any information produced by Cloudflare that has been designated as "Confidential."

**Timing of Service of Process Upon Doe Defendants, Deferral of Case Management Activities Until Plaintiff Answers Counterclaims, and Assignment to Complex Track**

11. The parties acknowledge and agree that Rule 4(m) of the Federal Rules of Civil Procedure does not impose a time limit for service in a foreign country. Thus, to the extent that Does 1-200 are foreign persons, Plaintiffs need not seek additional time from the Court to serve Does 1-200.

12. The parties agree that it would be efficient and beneficial to delay any scheduling orders or conference in this matter until after Plaintiffs have answered Cloudflare's counterclaims.

The parties further believe that the Complex Track, as that term is defined in the Local Rules, will be appropriate for the case and they anticipate submitting a Complex Track Scheduling Order when the time arises for submitting a proposed scheduling order. Accordingly the parties move the Court to stay case management activities until Plaintiffs answer the Counterclaims and, when case management activities begin, the Court assign the case to the Complex Track.

WHEREFORE, Plaintiffs move the Court to grant these requests as they specify in an accompanying proposed order.

DATED: April 10, 2020

Respectfully submitted,

s/ Nicole D. Berkowitz
Grady M. Garrison (TN #8097)
Nicole D. Berkowitz (TN #35046)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-2303
Email: ggarrison@bakerdonelson.com
Email: nberkowitz@bakerdonelson.com

Russell Bogart (NY #2856078)
Stuart Kagen (NY #SK6496)
(Admitted *Pro Hac Vice*)
**KAGEN & CASPERSEN, PLLC**
757 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 880-2045
Facsimile: (646) 304-7879
Email: rbogart@kagencaspersen.com
Email: skagen@kagencaspersen.com

*Attorneys for Plaintiffs-Counterdefendants American Clothing Express, Inc. d/b/a Allure Bridals and Justin Alexander, Inc.*

/s/Robb S. Harvey (with permission)

4

Robb S. Harvey
**WALLER LANDSEN DORTCH & DAVIS LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Robb.harvey@wallerlaw.com

*Attorney for Defendant-Counterclaimant Cloudflare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, a true and correct copy of the foregoing was filed via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

s/ Nicole D. Berkowitz
Nicole D. Berkowitz