# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC. and DOES 1 - 200, inclusive, <br><br> Defendants. | Case No. 2:20-cv-02007-SHM-dkv |
| CLOUDFLARE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Counterdefendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS THE AMENDED COUNTERCLAIMS FILED BY DEFENDANT/COUNTER-PLAINTIFF CLOUDFLARE, INC.**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

BACKGROUND ................................................................................................................... 3

  I. THE PARTIES................................................................................................................ 3

    a.  The Plaintiffs – Counterclaim Defendants ................................................................. 3

    b.  Cloudflare .................................................................................................................. 3

    c.  The Infringing Website Defendants ........................................................................... 3

  II. THE PLEADINGS ........................................................................................................ 4

    a.  THE COMPLAINT.................................................................................................... 4

    b.  CLOUDFLARE'S ANSWER TO THE COMPLAINT ............................................ 5

    c.  CLOUDFLARE IS FORCED TO AMEND ITS COUNTERCLAIMS
       TO CORRECT MATERIALLY FALSE STATEMENTS.......................................... 6

    d.  CLOUDFLARE'S COUNTERCLAIMS.................................................................... 7

LEGAL ARGUMENT......................................................................................................... 10

  I. THE STANDARD FOR FAILURE TO STATE A CLAIM............................................. 10

  II. THE COUNTERCLAIMS FAIL TO ESTABLISH A PROPER BASIS FOR
  DECLARATORY JUDGMENT JURISDICTION ................................................................. 10

    a.  Federal District Courts Have Discretion Whether to Grant Relief
       under the Declaratory Judgment Act. ....................................................................... 10

    b.  Contrary to Settled United States Supreme Court Precedent,
       Cloudflare's Declaratory Judgment Counterclaims Seek To Engage
       In Piecemeal Litigation. ........................................................................................... 11

    c.  Declaratory Relief Is Not Proper to Adjudicate Past Conduct. .................................. 13

    d.  Pursuant to Governing Sixth Circuit Precedent, Counterclaims
       Seeking a Declaration of No Liability For the Underlying Allegations
       of Copyright Infringement Should Be Dismissed...................................................... 14

    e.  Cloudflare's Amendments Fail to Save Its Counterclaims From Dismissal. ............. 17

CONCLUSION...................................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*ALS Scan, Inc. v. Cloudflare, Inc.*, et al.,
   Case No. CV-16-5051 (C.D.Cal. Oct. 24, 2016) ............................................................. 7, 14

*AmSouth Bank v. Dale*,
   386 F.3d 763 (6th Cir. 2004) .................................................................................................. 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 10

*BMG Rights Mgmt (US) LLC v. Cox Communs., Inc.*,
   881 F.3d 293 (4th Cir. 2018) ......................................................................................... 7, 9, 14

*Calderon v. Ashmus*,
   523 U.S. 740 (1998). ................................................................................................... 1, 11, 13

*Corliss v. O'Brien*,
   200 Fed. Appx. 80 (3rd Cir. 2006) ....................................................................................... 13

*Emerman v. Fin. Commodity Invs., LLC*,
   2015 U.S. Dist. Lexis 77087 (N.D. Ohio June 15, 2015) ........................................... 12, 13, 15

*Fed. Deposit Ins. Corp. v. Project Dev. Corp.*,
   819 F.2d 289 (6th Cir. May 27, 1987) ................................................................................... 15

*Gibson v. Liberty Mut. Group, Inc.*,
   778 F. Supp.2d 75 (D.D.C. 2011) ........................................................................................ 11

*Goad v. Lewis*,
   2014 U.S. Dist. LEXIS 153773(M.D. Tenn. Oct. 30, 2014)................................................. 14

*Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*,
   746 F.2d 323 (6th Cir. 1984)..................................................................................... 11, 14, 15

*Harford Mut. Ins. Co. v. New Ledroit Park Bldg. Co., LLC*,
   313 F.Supp.3d 40 (D.D.C. 2018) .................................................................................. 11, 13

*Internet Transaction Solutions, Inc. v. Intel Corp.*,
   2006 U.S. Dist. LEXIS 29532 (S.D. Ohio 2006) ................................................................ 16

*Kanitz v. White*,
   2005 U.S. Dist. LEXIS 59709 (E.D. Mich. May 4, 2005) .................................................... 13

*Lawrence v. Chancery Court of Tenn.*,
   188 F.3d 687(6th Cir. 1999)................................................................................................... 10

*Malibu Media, LLC v. Ricupero*,
   705 F. App'x 402 (6th Cir. 2017)............................................................................... 15, 16, 17

*Mawdsley v. Kirkland's, Inc.*,
   2013 U.S. Dist. LEXIS 152262 (M.D. Tenn. Oct. 23, 2013)................................................ 16

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 n. 7 (2007) ............................................................................................ 1, 11, 12, 15

*Mon Cheri Bridals, LLC v. Cloudflare, Inc.*,
   2019 U.S. Dist. LEXIS 121851 (N.D.Cal. July 11, 2019)................................................ 7, 14

*Pearson Educ., Inc. v. C&N Logistics, Inc.*,
  2018 U.S. Dist. LEXIS 209649 (M.D. Tenn. Dec. 12, 2018) ................................... 16
*SONY/ATV Music Publ'g LLC v. D.J. Miller Music Distribs.*,
  2011 U.S. Dist. LEXIS 116155 (M.D. Tenn. Oct. 7, 2011)...................................... 17
*U.S. ex rel. Doe v. Jan-Care Amb. Serv., Tri-State Div.*,
  187 F.Supp. 786 (E.D.Ky. May 11, 2016) ............................................................ 12
*UMG Recordings, Inc. v. Grande Communications Networks, LLC*,
  384 F. Supp. 3d 743 (W.D.Tex. Mar. 15, 2019) ................................................ 7, 14
*United States v. Doherty*,
  786 F.2d 491 (2d Cir. 1986)................................................................................ 13
*Universal Coin & Bullion, Ltd. v. FedEx Corp.*,
  2015 U.S. Dist. LEXIS 181364 (W.D. Tenn. Jan. 14, 2015)................................... 18
*Varsity Brands, Inc. v. Star Athletica, LLC*,
  2017 U.S. Dist. LEXIS 126716 (W.D. Tenn. 2017) .............................................. 15
*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995)............................................................................................ 11
*Younglove Constr., LLC v. Psd Dev., LLC*,
  2010 U.S. Dist. LEXIS 92334 (N.D. Ohio Sep. 3, 2010) ....................................... 12

## **Statutes and Rules**

17 U.S.C. §512........................................................... 1, 7, 8, 9, 10, 12, 13, 14
17 U.S.C. §512(a) ................................................................................... 7, 9, 14
17 U.S.C §512(b)(2)(E) ................................................................................... 9
17 U.S.C §512(i). ........................................................................................ 2, 9, 13
17 U.S.C. §512(i)(1)(a) .................................................................................. 9
17 U.S.C. §512 (j) ........................................................................................ 5
28 U.S.C. §§ 2201...................................................................................... 1, 10, 11
Fed. R. Civ. P. Rule 12(b)(6) ...................................................................... 1, 10

Plaintiffs-Counterdefendants American Clothing Express, Inc. d/b/a Allure Bridals ("Allure") and Justin Alexander, Inc. ("Justin," combined with Allure, "Plaintiffs") file this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss the Amended Counterclaims filed by Defendant-Counterclaimant Cloudflare, Inc. ("Cloudflare").

## INTRODUCTION

In response to Plaintiffs' allegations of contributory copyright infringement, Cloudflare has filed five counterclaims for declaratory relief.  The first Counterclaim seeks a declaration that Cloudflare did not commit the infringement alleged in the Plaintiffs' underlying complaint.  The next four counterclaims carve out factual and legal issues from Cloudflare's defenses to the Complaint, and seek a declaration in its favor on those discrete aspects of the suit.  Cloudflare claims that this strategy is justified because of its need to address matters purportedly "artfully omitted" from Plaintiffs' complaint.  Cloudflare's inflammatory and untrue contentions are a pure red-herring.  Rather, Cloudflare's counterclaims must be dismissed as a matter of law pursuant to governing United States Supreme Court precedent, and controlling Sixth Circuit Court of Appeals precedent, for the following reasons.

*First*,  the United States Supreme Court has held on several occasions that under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., a defendant is prohibited from seeking declaratory relief "to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the underlying controversy." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 n. 7 (2007); *Cadleron v. Ashmus*, 523 U.S. 740, 749 (1998).  For example, several of Cloudflare's declaratory judgment counterclaims seek a declaration that Cloudflare complied with the technical requirements to be eligible for certain safe harbors against an award of monetary damages under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §512, or that Plaintiffs' notices of infringement were improper under the DMCA.  Yet, Cloudflare's Amended

Counterclaims do not seek a declaration that it complied with the threshold requirement to be eligible for any safe harbor protection of maintaining a reasonable policy for terminating repeat infringers. *See* 17 U.S.C. §512(i). Thus, these counterclaims will not fully resolve the suit as the parties will still need to litigate whether Cloudflare maintained and implemented a reasonable policy for terminating repeat infringers, and whether Plaintiffs are entitled to injunctive relief against Cloudflare.

*Second*, Cloudflare's counterclaims are fatally flawed to the extent that they seek declaratory relief arising out of Plaintiff's prior retention of an agent called XML Shop, LLC d/b/a Counterfeit Technologies ("Counterfeit") to send supposedly defective notifications of the infringement to Cloudflare. Cloudflare amended its Counterclaims to correct its false statements that Counterfeit was Plaintiffs' sole agent and now admits that Plaintiffs replaced Counterfeit several years ago with a new agent called Incopro, Ltd. ("Incopro"). A declaratory judgment action cannot be interposed to adjudicate past conduct.

*Third*, Cloudflare's Amended Counterclaims still fail to articulate a basis for distinguishing the Sixth Circuit precedent mandating the dismissal of declaratory judgment counterclaims which are a mirror of the Plaintiff's claim of infringement. Moreover, where, as is the case here, a coercive complaint seeking an award of damages already has been filed, the declaratory judgment counterclaims which present the identical factual and legal issues serve no useful purpose.

Accordingly, for the reasons expanded upon below, this Court should dismiss Cloudflare's Amended Counterclaims.

## BACKGROUND

### I.      THE PARTIES

#### a.   The Plaintiffs - Counterclaim Defendants

Plaintiffs design and manufacture wedding and prom dresses (ACC ¶156). [1]   Plaintiffs display on their websites their copyrighted images of models wearing their dresses ("Plaintiffs' Images") (ACC ¶¶ 168-169).

#### b.   Cloudflare

Cloudflare is a web performance and security company that provides a Content Delivery Network ("CDN"), web content optimization, website security, denial of service protection, and a managed domain name system network ("DNS")(A ¶52).   A CDN refers to a geographically distributed group of servers which work together to provide the fast delivery of Internet content (A ¶2).   Cloudflare's marketing materials explain how Cloudflare's CDN improves the speed of the delivery of images from websites hosted in far-flung places to the United States (A ¶¶96-99).

A CDN improves the latency of a website "by pulling static content files from the origin server into the distributed CDN network in a process called caching" (A ¶54).   Once the data is cached, the CDN may serve the content to the customer from the closest CDN data center instead of the origin server, which could be located thousands of miles away (A ¶¶53-54).

#### c.   The Infringing Website Defendants

Plaintiffs allege that the Infringing Website Defendants misappropriate the Plaintiffs' Images and post them, or slight alterations thereof, on websites hosted in foreign jurisdiction for the purpose of selling cheap imitations of Plaintiffs' gowns through the internet (CMP ¶46-51). Each of the Infringing Websites are optimized by Cloudflare's services (CMP ¶5).   Plaintiffs do

---

[1] "CC" followed by "¶" refers to paragraphs of the Counterclaims; "ACC" followed by "¶" refers to paragraphs of the Amended Counterclaims;   "A" followed by ¶ refers to paragraphs of the Answer and "CMP" followed by ¶ refers to paragraphs of the Complaint.

not know the identities of the Infringing Website Defendants, who manufacture the knock-off dresses, and operate the Infringing Websites at issue (CMP ¶20).

## II.     THE PLEADINGS

### a.  THE COMPLAINT

Plaintiff wedding and prom dress manufacturers filed suit against Cloudflare claiming that Cloudflare's content delivery network ("CDN") and domain name services ("DNS") materially aid counterfeiters ("Infringing Website Defendants") engaged in the systematic misappropriation of Plaintiffs' product images to display infringing copies of them on websites used to sell knock-off dresses ("Infringing Websites").   Plaintiffs contend that Cloudflare materially aids the infringement by speeding up the delivery of the images from the Infringing Websites hosted thousands of miles away to internet users in the United States.   When Cloudflare receives notifications that certain subscribers are repeatedly transmitting specific infringing material through its network, Cloudflare simply passes on the notice of infringement to the infringer, and the company hosting the infringement, even when Cloudflare knows that these parties will not respect copyrights.

Plaintiffs allege that Cloudflare materially contributes to the ongoing infringement because: i) it knows of specific infringement due to its receipt of Plaintiffs' complaints of infringement; ii) it materially assisted that infringement by enabling the Infringing Website Defendants to cache on Cloudflare's domestic servers the Infringing Images and by significantly speeding up the load-times of the Infringing Websites; and iii) it refused to take the simple measure of terminating its service provided to the infringers.

Specifically, Plaintiffs' Complaint contains two claims for relief.   The First Claim for Relief consists of a claim of direct copyright infringement against the Infringing Website Defendants.   The Second Claim for Relief asserts a claim of contributory copyright infringement

against Cloudflare. Plaintiffs' Complaint describes: the Plaintiffs' businesses and intellectual property rights (CMP pp. 8-10); the illegal conduct of the Infringing Website Defendants (CMP pp. 11-13); the technical operation of Cloudflare's CDN and DNS service and how they materially aid the direct infringement (CMP pp. 16-25); Plaintiffs' efforts to notify Cloudflare of the ongoing infringement (CMP pp. 27-29), including through providing side-by-side depictions of each infringing image matched with the copyrighted image along with detailed spreadsheets identifying the reports submitted to Cloudflare (Exhibits 3-5 to the Complaint) and Cloudflare's deficient procedures for responding to Plaintiffs' complaints of infringement (CMP ¶¶ 107-115).

### b. CLOUDFLARE'S ANSWER TO THE COMPLAINT

Cloudflare' answer asserts seventeen affirmative defenses in a wholly conclusory fashion. Ironically, Cloudflare claims that it filed its Counterclaims for the salutary purpose of amplifying certain of its defenses to lead to an earlier resolution of this case.  Cloudflare did not apply this philosophy to its threadbare recital of the affirmative defenses set forth in its Amended Answer.

Cloudflare's first affirmative defense, that "the Complaint fails to state a cause of action against Cloudflare," is redundant of Cloudflare's counterclaims seeking a declaration of non-infringement.  Additionally, Cloudflare's third affirmative defense, asserting that the DMCA's safe harbors limit Plaintiffs' remedies is duplicative of Cloudflare's counterclaims seeking a declaration of its entitlement to the same safe harbors.

Cloudflare's answer contains a Prayer for Relief which duplicates the Relief sought in the Counterclaims.  Both pleadings seek: i) the entering of judgment in their favor, ii) an adjudication that Clouldflare did not infringe and is not liable for monetary relief or injunctive relief beyond the scope of section 512(j) of the DMCA, and iii) an award of its attorneys' fees.

### c.  CLOUDFLARE IS FORCED TO AMEND ITS COUNTERCLAIMS TO CORRECT ITS MATERIALLY FALSE STATEMENTS.

Cloudflare's original Counterclaims (DE 21) argued that its Declaratory Judgment Counterclaims were proper because Plaintiffs *solely* relied on Counterfeit to send supposedly defective notifications of the infringement to Cloudflare by email instead of through Cloudflare's abuse form available on its website (*See* ACC ¶¶ 87-155).  Cloudflare filed the Counterclaims to bring to the Court's attention the Plaintiffs "artful omission" of this information which supposedly proved Cloudflare's lack of liability for contributory copyright infringement and its entitlement to various Safe Harbor protections under the DMCA (ACC ¶¶ 1, 87-155, 200-201).

On May 26, 2020, Plaintiffs moved to dismiss Cloudflare's Counterclaims (DE 28-1). Plaintiffs' motion to dismiss further showed that Cloudflare's representations regarding Counterfeit serving as Plaintiffs' *sole* agent, and Counterfeit's email submissions being *typical* of Plaintiff's reports of infringement, were false.  Rather, Plaintiffs replaced Counterfeit Technologies with Incopro, who filed reports of infringement on behalf of Plaintiffs exclusively through Cloudflare's web form.

Cloudflare's Amended Counterclaims tacitly admit that the original Counterclaims misstated the facts.  For example, Cloudflare now admits that Plaintiffs replaced Counterfeit with Incopro, who exclusively reported infringement through Cloudflare's abuse form.  Cloudflare's Amended Counterclaims do not indicate that Counterfeit reported any infringement on behalf of Plaintiffs after July 2017, or approximately three years ago.  Nor does Cloudflare provide an explanation as to why such significantly misstated facts were set forth in its pleading.  As a leading internet security and CDN company, Cloudflare should have been fully apprised with the push of a button as to Incopro's role, and the quantity of infringement reported by Counterfeit through Cloudflare's abuse form versus the amount of infringement reported by Counterfeit by email.

### d.  CLOUDFLARE'S AMENDED COUNTERCLAIMS.

Cloudflare has asserted five Counterclaims all seeking a declaratory judgment that Cloudflare is not liable for the contributory infringement alleged in the Plaintiffs' Complaint or is protected by two of the DMCA safe harbors.  Cloudflare recasts as Counterclaims legal defenses that Cloudflare and other Internet Service Providers unsuccessfully have raised in response to similar claims of contributory copyright infringement.[2]

The first section of Cloudflare's Counterclaims, titled "Cloudflare and Its Services," describes how Cloudflare's security services purportedly protect Cloudflare's subscribers against cyberattacks.  The second section of Cloudflare's Counterclaims titled "Cloudflare's Technical Operations," describes the operation of Cloudflare's CDN and DNS service.

The third section in Cloudflare's Counterclaims is titled "Cloudflare's Policies and Practices Regarding Accusations of Abuse of Cloudflare's System and Services by Its Customers." Herein, Cloudflare asserts that it has "adopted a policy for terminating, in appropriate circumstances, subscribers or account holders who are repeat infringers" (ACC ¶73).

---

[2] Cloudflare and other Internet Service Providers ("ISPs") unsuccessfully have sought to dismiss similar claims of contributory copyright infringement by raising "wrong" arguments about the standards for showing contributory copyright infringement, or their entitlement to DMCA safe harbor protections. *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, 2019 U.S. Dist. LEXIS 121851 (N.D.Cal. July 11, 2019)(denying Cloudflare's motion to dismiss a dress manufacturer's contributory copyright infringement claim based upon erroneous articulations of the standards for demonstrating contributory infringement); *ALS Scan, Inc. v. Cloudflare, Inc.*, et al., Case No. CV-16-5051 (C.D.Cal. Oct. 24, 2016)(denying Cloudflare's motion to dismiss the complaint because the plaintiff had "sufficiently alleged contributory liability against Cloudflare pursuant to a material contribution theory");  *BMG Rights Mgmt (US) LLC v. Cox Communs., Inc.*, 881 F.3d 293 (4th Cir. 2018)(upholding a finding that an internet service provider, which equated a "repeat infringer" with an "adjudicated infringer," was not entitled to the DMCA defense); *UMG Recordings, Inc. v. Grande Communications Networks, LLC*, 384 F. Supp. 3d 743 (W.D.Tex. Mar. 15, 2019)(holding that i) the assertion that a cause of action for material contribution to copyright infringement is not recognized in the law is misplaced and ii) that the ISP was not entitled to the DMCA safe harbor under §512(a) due to its failure to respond to complaints of infringement).

The fourth section in Cloudflare's Amended Counterclaims was inserted to correct the false statements contained in Cloudflare's original Counterclaims about Counterfeit serving as Plaintiffs' sole agent to report the infringement identified in Plaintiffs' complaint.

In the fifth, sixth and seventh sections of the Counterclaims, Cloudflare makes various assertions about the Plaintiffs' businesses, the Doe Defendants, and the purported lack of harms to Plaintiffs from the infringement, mostly based upon information and belief.

The First Cause of Action in the Counterclaims, titled "Declaration of Non-Infringement by Cloudflare," seeks a "declaration that it has not infringed upon any of the Plaintiffs' copyright rights" (ACC ¶267). Herein, Cloudflare makes various assertions as to why Plaintiffs cannot establish the elements of a claim of contributory infringement as set forth in their Complaint. For instance, Cloudflare alleges that "Plaintiffs do not assert or claim that Cloudflare has intentionally induced infringement of the Plaintiffs' works," "by the time of these Counterclaims and Answer Plaintiffs had not provided Cloudflare with any court decisions finding infringement by Cloudflare customers" and that "Plaintiffs do not allege or claim that, but for Cloudflare's services, the infringements by Does 1-200 would have been immaterial" (ACC ¶¶ 236, 242 & 257).

The Second Counterclaim asks that the Court award to Cloudflare a "Declaration of No Proof of Direct Infringement by Does 1-200 by the Time of the Complaint." Specifically, Cloudflare asserts that: i) Plaintiffs have not proved the infringement against the Does 1-200; ii) "the purpose of this lawsuit is to prove the infringement"; iii) the mere filing of the Complaint did not constitute proof of such direct infringement; and iv) Plaintiffs never provided to Cloudflare any adjudication establishing the direct infringement (ACC ¶¶ 268-275).

Cloudflare's Third, Fourth and Fifth Counterclaims ("DMCA Claims") are designed to show its entitlement to the safe harbor protections of the DMCA, 17 U.S.C. §512. Specifically,

Section 512 provides four distinct safe harbors, or limitations on liability for damages, for four distinct types of technical services. Cloudflare here seeks the protection of Section 512(a), which pertains to the transmission or routing of data through a network, and Section 512(b), which pertains to the caching or temporary storage of material on a system and network. Cloudflare's Fourth and Fifth Counterclaims assert that Cloudflare satisfied the technical requirements of Sections 512(a) and (b). Cloudflare's Third Counterclaim alleges that none of the notifications sent by Plaintiffs to Cloudflare complied with Section 512(b)(2)(E)'s requirements to demand the removal of infringing images from Cloudflare's cache servers.

Before Cloudflare can avail itself of any of the safe harbors contained in §512(a) – (d), it must demonstrate its satisfaction of the threshold requirements contained in §512(i) to avail itself of any of the safe harbors. *See, e.g., BMG*, 881 F.3d at 301 (to avail itself of the §512(a) safe harbor, the defendant "must show that it meets the threshold requirement, common to all §512 safe harbors," that it has complied with §512(i)(1)(a)). Section 512(i) titled "Conditions for Eligibility" explicitly states that "the limitations on liability established by this section shall apply to a service provider only if the service provider (A) has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." §512(i)(1)(A). Strikingly, Cloudflare does not seek a declaration that Cloudflare complies with the requirements of §512(i).[3]

---

[3] Cloudflare's Amended Counterclaims set forth new allegations that Plaintiffs supposedly "artfully omitted" from their complaint which purportedly also warrant this Court exercising jurisdiction over its Counterclaims. Yet, Cloudflare's Amended Counterclaims artfully omit highly material factual information pertinent to its ability to claim the DMCA safe harbor protections. For instance, Cloudflare fails to provide a copy of its supposedly reasonable repeat infringer policy, and instead proffers conclusory and self-serving allegations about the nature of its policy. Nor does Cloudflare address its admission made in another federal proceeding that it

## LEGAL ARGUMENT
## I.      THE STANDARD FOR FAILURE TO STATE A CLAIM.

The United States Supreme Court has stated that to survive a motion to dismiss the complaint filed under Fed. R. Civ. P. Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a counterclaim states a claim for relief that is plausible on its face, "the Court accepts all well-pleaded factual allegations in the [pleading] as true and construes them liberally in" favor of the Counterclaim Plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999).

## II.     THE COUNTERCLAIMS FAIL TO ESTABLISH A PROPER BASIS FOR DECLARATORY JUDGMENT JURISDICTION.

For the reasons set forth below, this Court, under the discretion vested in it under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., should dismiss Cloudflare's Amended Counterclaims. Pursuant to Sixth Circuit Court of Appeals and United States Supreme Court precedent, this Court should dismiss the Amended Counterclaims as redundant of the issues presented by the Plaintiffs' Complaint and because the Amended Counterclaims seek to engage in piecemeal litigation of certain components of Cloudflare's affirmative defenses to the complaint.

### a.   Federal District Courts Have Discretion Whether to Grant Relief under the Declaratory Judgment Act.

"District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act," 28 U.S.C. §§ 2201 et seq., "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282

---

had never terminated a repeat infringer, no matter how egregious the misconduct, absent a court order. Apparently, Cloudflare avoided specifically seeking a declaration that it had complied with §512(i) to avoid such a claim being subjected to a motion to dismiss for failing to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

(1995); *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984)(It is "well-settled that jurisdiction to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., is discretionary.").  The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *AmSouth Bank v. Dale*, 386 F.3d 763, 784-785 (6th Cir. 2004).

> **b. Contrary to Settled United States Supreme Court Precedent, Cloudflare's Declaratory Judgment Counterclaims Seek To Engage In Piecemeal Litigation**.

The United States Supreme Court has ruled that even where a legal controversy exists, a party may not "carve[] out" a particular "question" within that controversy and present it to the Court for adjudication via declaratory relief. *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998).  The Supreme Court further held that if the relief sought fails to "completely resolve[] a concrete controversy susceptible to conclusive determination," then the declaratory judgment action must be dismissed because it is not a justiciable case.  *Id.*  In *MedImmune, Inc. v. Genenetech*, the United States Supreme Court confirmed that a "litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the underlying controversy." *MedImmune*, 549 U.S. 118, n. 7 (2007).

Subsequent to the Supreme Court's clear pronouncements in *Calderon* and *MedImmune*, federal courts have dismissed declaratory judgment actions which seek to resolve "only particular issues" within a case, without settling "the entire controversy," to avoid "promot[ing] the type of piecemeal litigation consistently rejected by the federal courts." *Gibson v. Liberty Mut. Group, Inc.*, 778 F. Supp.2d 75, 80 (D.D.C. 2011)(declining to hear a declaratory judgment action seeking a ruling on the interpretation of a term of the contract because the declaratory relief would not resolve the breach of contract case); *Harford Mut. Ins. Co. v. New Ledroit Park Bldg. Co., LLC*, 313 F.Supp.3d 40, 47 (D.D.C. 2018)(declining to hear declaratory judgment action seeking a

declaration as to the reasonable amount of attorneys' fees owed because the declaratory relief would not resolve fully the claim for a breach of the duty to defend); *Younglove Constr., LLC v. Psd Dev., LLC*, 2010 U.S. Dist. LEXIS 92334 (N.D. Ohio Sep. 3, 2010)(holding that *MedImmune* constituted a complete bar to consideration of the plaintiff's claim seeking a declaratory judgment on one of the defendant's affirmative defenses/counterclaim to the complaint, without balancing any other factors relating to efficiency).

In *Emerman v. Fin. Commodity Invs., LLC*, 2015 U.S. Dist. Lexis 77087 (N.D. Ohio June 15, 2015), the court dismissed a counterclaim seeking a declaration that the defendants did not make any misrepresentations. *Emerman* dismissed the counterclaim because: i) resolution of the declaratory judgment action would not settle the entire controversy; ii) the declaratory judgment action would not be "useful in clarifying the legal relations in issue" because the same issue will be resolved in the context of the plaintiff's complaint; and iii) "there is an alternative remedy that may more effectively resolve this issue: allowing the parties to address [the fraud claim] through the normal course of litigation; i.e., discovery and motion practice regarding Plaintiffs' claims and Defendants' defenses." *Id.*; *U.S. ex rel. Doe v. Jan-Care Amb. Serv., Tri-State Div.*, 187 F.Supp. 786, 796 (E.D.Ky. May 11, 2016)("the better alternative remedy is to adjudicate the plaintiff's seven other claims" instead of the defendant's claim for declaratory judgment).

Cloudflare's Amended Counterclaims directly contravene the United States Supreme Court's prohibition on using a "declaratory judgment action to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the litigation." *MedImmune, Inc. v. Genenetech*, 549 U.S. 118, n. 7 (2007).  Strikingly, Cloudflare does not expressly seek a declaration that it complied with §512(i)'s threshold requirement to be eligible for any of the DMCA Safe Harbor defenses.  Thus, the adjudication of Cloudflare's Third through Fifth

Amended Counterclaims will not even fully resolve the issue of Cloudflare's protection against a damages award under the DMCA.[4]  Instead, these last three Counterclaims only contain sufficient allegations to establish certain components of the DMCA safe harbor under §512.

Moreover, because the Amended Counterclaims, by their express terms, are asserted to "establish facts" on "key issues" they are not tailored to completely resolving the "legal rights or obligations" of the parties.  *Harford Mut.*, 313 F. Supp.3d 40, 47 (under *Calderon*, declining to resolve a narrow factual issue carved out from a broader dispute, and stating that the court would reach the same conclusion if the issue was characterized as a legal one).  Under this analysis, Cloudflare's Second and Third Counterclaims seeking declarations regarding the validity of the notifications sent, and the quality of proof of infringement at the time of the initial filing, disregard well-settled United Supreme Court precedent.

### c.  Declaratory Relief Is Not Proper to Adjudicate Past Conduct.

The purpose of a declaratory judgment action is to create "means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy, or in which the party entitled to such a remedy fails to sue for it." *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir. 1986).  A declaratory judgment claim is not properly interposed to adjudicate past conduct.  *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3d Cir. 2006); *Kanitz v. White*, 2005 U.S. Dist. LEXIS 59709 (E.D. Mich. May 4, 2005)(dismissing declaratory judgment action seeking to address wrongful actions that happened in the past); *Emerman*, 2015 U.S. Dist. LEXIS 77087 (declaratory judgment

---

[4] §512 only provides a safe harbor insulating the service provider from liability for monetary relief.  Even if Cloudflare ultimately demonstrates its entitlement to the DMCA Safe Harbors because of its maintenance of a reasonable repeat infringer policy under §512(i), Plaintiffs could still obtain extensive injunctive relief against Cloudflare.  Thus, even a finding of Cloudflare's entitlement to the DMCA defenses will not resolve or end the action against Cloudflare or the other defendants.

is improper where there is no ongoing contract between the parties); *Goad v. Lewis*, 2014 U.S. Dist. LEXIS 153773(M.D. Tenn. Oct. 30, 2014)( where the "purported injury is already complete," this factor has been found to weigh heavily against the court exercising jurisdiction).

Cloudflare's Counterclaims primarily are *still* being interposed to address Counterfeit's purportedly flawed notices of infringement.  Significantly, the exhibits attached to the Amended Counterclaims do not indicate that Counterfeit submitted a notification of infringement after July 2017.  Cloudflare does not allege that Plaintiffs still retain Counterfeit, or that Cloudflare has received a notification of infringement via email from Plaintiffs in the last several years. Accordingly, Cloudflare's counterclaims should be dismissed because they seek to adjudicate Counterfeit's past conduct which ceased several years ago.[5]

### d. Pursuant to Governing Sixth Circuit Precedent, Counterclaims Seeking a Declaration of No Liability For the Underlying Allegations of Copyright Infringement Should Be Dismissed.

In *Grand Trunk*, 746 F. 2d 323, 326, the Sixth Circuit identified five factors for evaluating whether to assert jurisdiction over a declaratory judgment action: "whether the declaratory

---

[5] Cloudflare and other Internet Service Providers have not had much success in blaming the DMCA agents as a defense to contributory copyright infringement.  For example, in *ALS v. Cloudflare*, the Central District of California Court held, when denying Cloudflare's motion for summary judgment, that the DMCA agent's reporting of infringement to Cloudflare there by email raised a triable issue of fact as to Cloudflare's knowledge.  *Mon Cheri* held that "Cloudflare's challenge to the sufficiency of the notices under 17 U.S.C. section 512 is misplaced. Section 512 limits available relief based on certain safe harbors. Cloudflare has not shown that its conduct should be considered under one safe harbor rather than under another safe harbor (and thus has not shown that the alleged notice would need to be formatted in one way rather than another). In any event, this issue is neither dispositive to the action nor appropriate for resolution at this stage of the case." *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, 2019 U.S. Dist. LEXIS 121851.  In *BMG*, the 4th Circuit affirmed the denial of the DMCA safe harbor under §512(a) to a service provider that blacklisted the DMCA agent RightsCorp because of its sending of extortionate settlement notices to customers. 881 F.3d 293, 299 (4th Cir. 2018); *UMG Recordings, Inc. v. Grande Communications Networks, LLC*, 384 F. Supp. 3d 743 (W.D.Tex. Mar. 15, 2019)(holding that the ISP was not entitled to the DMCA safe harbor under §512(a) due to its failure to respond to objectionable complaints of infringement sent by "RightsCorp").

judgment (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for "procedural fencing" or to "provide an arena for a race to res judicata"; (4) would increase friction between state and federal courts and improperly encroach on state jurisdiction; and (5) whether there is a more effective, alternative remedy." *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 406-407 (6th Cir. 2017)(affirming the dismissal of a counterclaim seeking a declaration of non-infringement of plaintiff's copyright where the resolution of the plaintiff's infringement claim would render the counterclaim moot).

When confronted with counterclaims seeking a declaration of no infringement which have been interposed in response to a complaint of infringement, the Sixth Circuit has "evaluated whether such a 'useful purpose' exists by looking specifically at the issue of redundancy and may appropriately do so without relying on the [other] *Grand Trunk* factors." *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 406-407, *citing to*, *Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289 (6th Cir. May 27, 1987)(unpublished table decision)(upholding the denial of a motion to add a counterclaim because "when a counterclaim merely restates the issue as a "mirror image" to the complaint, the counterclaim serves no purpose").[6]

The "applicable factors," with respect to a counterclaim seeking a declaration of non-infringement, "all counsel against the exercise of jurisdiction over the counterclaims for declaratory judgment." *Varsity Brands, Inc. v. Star Athletica, LLC*, 2017 U.S. Dist. LEXIS 126716 (W.D. Tenn. 2017)(dismissing counterclaims seeking a declaratory judgment on various grounds relating to the plaintiff's affirmative copyright infringement claims).  Courts find to be dispositive

---

[6] As set forth above, dismissal is required under *MedImmune,* without consideration of any of the other *Grand Trunk* factors, if the declaratory judgment claim will not fully settle the case. *Younglove*, 2010 U.S. Dist. LEXIS 92334.  Moreover, where the counterclaim for declaratory relief does not seek to fully resolve the controversy, then the first, second and fifth *Grand Trunk* factors all weigh heavily in support of dismissal.  *Id*.; *Emerman*, 2015 U.S. Dist. Lexis 77087.

the application of the second factor – i.e., "whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue." *Id*.  This is true because "[D]eclaratory judgments do not serve a useful purpose where there is a pending coercive action, filed by the natural plaintiff, which encompasses all of the same issues as the declaratory judgment action." *Id*.  Such a counterclaim is not tailored to achieve the "purpose" of the Declaratory Judgment Act which "is to relieve potential defendants from the threat of impending litigation." *Internet Transaction Solutions, Inc. v. Intel Corp.*, 2006 U.S. Dist. LEXIS 29532 *4 (S.D. Ohio 2006).

Pursuant to this precedent, courts within this Circuit consistently dismiss counterclaims seeking a declaratory judgment of non-infringement which are "redundant, mirror images" of the plaintiff's claims of infringement.  *Pearson Educ., Inc. v. C&N Logistics, Inc.*, 2018 U.S. Dist. LEXIS 209649 *10 (M.D. Tenn. Dec. 12, 2018)(dismissing counterclaims seeking a declaration that the defendant is not infringing as redundant of the plaintiff's copyright infringement claim); *Mawdsley v. Kirkland's, Inc.*, 2013 U.S. Dist. LEXIS 152262 (M.D. Tenn. Oct. 23, 2013)(dismissing defendant's counterclaim seeking a declaratory judgment for non-infringement because it was a mirror of plaintiff's claim for copyright infringement).

Here, Cloudflare's five total Counterclaims must be dismissed as redundant of the Complaint as both involve precisely the same factual and legal issues. *Malibu*, 705 F. App'x 402, 406-407.  Both the Counterclaims and Complaint address the same topics such as: the technical operation of Cloudflare's CDN and DNS services (CMP ¶¶52-205; ACC ¶¶ 22-42); Plaintiffs' businesses (CMP ¶¶28-45; ACC ¶¶156-179); Cloudflare's policies for responding to complaints of infringement (CMP ¶¶107-115; ACC ¶¶43-86); the infringement being perpetrated upon Plaintiffs by the Infringing Website Defendants (CMP ¶¶46-51; ACC ¶¶180-202); and the Plaintiffs' reports of infringement to Cloudflare (CMP ¶¶105-116 & Exhibits 3-5; ACC ¶¶87-155).

16

The Counterclaims and the Complaint present precisely the same legal issues as well. For example, Cloudflare's third affirmative defense that Cloudflare is entitled to the DMCA safe harbors mirrors Cloudflare's third through fifth Counterclaims seeking to establish its entitlement to the same DMCA safe harbors.  Additionally, Cloudflare's first two Counterclaims redundantly seek to establish its lack of liability for the Plaintiffs' infringement claims.  Thus, these first two counterclaims will be rendered "moot" by a finding of liability, or the lack thereof on Plaintiff's infringement claim, and should accordingly be dismissed.  *Id.*  Also, Cloudflare's Answer and Counterclaims seek adjudications that Cloudflare did not infringe and is entitled to the DMCA safe harbors and an award of attorneys' fees.

Cloudflare's demand for an award of its attorneys' fees as part of its demand for relief in its Counterclaims does not transform the Counterclaims into serving a "useful purpose."  Rather, the "fee-shifting provision of the Copyright Act, 17 U.S.C. §505, awards attorney's fees to the prevailing party in a copyright infringement action without regard to whether the defendant has asserted a counterclaim."  *Malibu Media*, 705 F. App'x 402, 407; *SONY/ATV Music Publ'g LLC v. D.J. Miller Music Distribs.*, 2011 U.S. Dist. LEXIS 116155 (M.D. Tenn. Oct. 7, 2011)(dismissing counterclaim seeking a declaration of non-infringement based on a similar rationale).  Indeed, this demand for attorneys' fees is redundant of the attorney fee demand contained in Cloudflare's answer.

### e.  Cloudflare's Amendments Fail to Save Its Counterclaims From Dismissal.

Cloudflare's amendments to the Counterclaims powerfully confirm the basis for their dismissal.  In the first paragraph of the Amended Counterclaims, Counterfeit admits that it has refiled its Counterclaims to "amplify the factual record at the pleading stage and identify key legal barriers to Plaintiffs' claims."  As set forth above, the resolution of factual issues, and the

piecemeal and redundant litigation of legal issues presented by the Plaintiffs' affirmative complaint, are not the proper subjects of declaratory relief.

Moreover, Cloudflare's inflammatory rhetoric concerning Plaintiffs' alleged "artful omission" of information pertaining to Cloudflare's affirmative defenses flouts this very Court's instruction that "Plaintiffs have no duty to plead facts negating an affirmative defense." *Universal Coin & Bullion, Ltd. v. FedEx Corp.*, 2015 U.S. Dist. LEXIS 181364 *14 (W.D. Tenn. Jan. 14, 2015)(J. Mays). Plaintiffs filed side-by-side copies of the copyrighted works, and the infringing uses of those images on the infringing websites, to satisfy its burden in its complaint of identifying the copyrighted works at issue and to show that the infringing images were strikingly similar if not exact copies of the copyrighted images at issue. Cloudflare's complaints that Plaintiffs did not identify in its lawsuit the agents uploading the information into its database constitutes an unacceptable effort to shift blame away from Cloudflare's failure to investigate its records before filing factually false counterclaims.

Finally, Cloudflare could have accomplished its purported goal of amplifying the record at the pleadings stage through including the relevant information in its answer and by not filing threadbare recitals of the elements of its affirmative defenses. Cloudflare instead re-filed these highly flawed Counterclaims for the improper purpose of trying to gain a tactical advantage through the piecemeal litigation of certain components of Plaintiffs' affirmative case and Cloudflare's defenses thereto. Cloudflare's tactics are indefensible under governing United States Supreme Court and Sixth Circuit Court of Appeals precedent.

## CONCLUSION

For the above stated reasons, Plaintiffs' motion to dismiss the Amended Counterclaims should be granted, and Plaintiffs afforded all additional relief that is proper.

DATED:  July 14, 2020

Respectfully submitted,

s/ Russell Bogart
Russell Bogart (NY #2856078)
Stuart Kagen (NY #SK6496)
(Admitted *Pro Hac Vice*)
**KAGEN, CASPERSEN & BOGART PLLC**
757 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 880-2045
Facsimile: (646) 304-7879
Email:  rbogart@kcbfirm.com
Email:  skagen@kcbfirm.com

Grady M. Garrison (TN #8097)
Nicole D. Berkowitz (TN #35046)
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-2303
Email:  ggarrison@bakerdonelson.com
Email:  nberkowitz@bakerdonelson.com

*Attorneys for Plaintiffs-Counterdefendants*
*American Clothing Express, Inc. d/b/a Allure*
*Bridals and Justin Alexander, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2020, a true and correct copy of the foregoing was filed via the Court's CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

<u>s/ Russell Bogart</u>
Russell Bogart