IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
                                )
AMERICAN CLOTHING EXPRESS,      )
INC., D/B/A ALLURE BRIDALS      )
AND JUSTIN ALEXANDER, INC.,     )
                                )
     Plaintiffs,                )
                                )
v.                              )    No. 2:20-cv-02007-SHM-dkv
                                )
CLOUDFLARE, INC, and DOES 1-    )
200, inclusive,                 )
                                )
     Defendants.                )
                                )
CLOUDFLARE INC.,

Counterclaimant,

v.

AMERICAN CLOTHING EXPRESS,
INC., D/B/A ALLURE BRIDALS
AND JUSTIN ALEXANDER, INC.,

Counterdefendants.
```

ORDER GRANTING MOTION TO DISMISS DEFENDANT/COUNTERCLAIMANT'S
AMENDED COUNTERCLAIMS

Before the Court is Plaintiffs/Counterdefendants American
Clothing Express, Inc., d/b/a Allure Bridals ("Allure") and
Justin Alexander, Inc.'s, (collectively "Plaintiffs") July 14,
2020 Motion to Dismiss the Amended Counterclaims (the "Motion").
(D.E. No. 37.)  Defendant/Counterclaimant Cloudflare, Inc.
("Defendant") responded on August 11, 2020.  (D.E. No. 39.)
Plaintiffs replied on August 25, 2020.  (D.E. No. 41.)

## I.   Background

For the purposes of this Motion, the facts are taken from the Complaint and the Amended Counterclaims.

Plaintiffs bring two claims: direct copyright infringement against Does 1-200 (the "Infringing Websites") (D.E. No. 1, ¶ 117-126), and contributory copyright infringement against Defendant (D.E. No. 1, ¶ 127-141).   Plaintiffs allege that Defendant had direct knowledge of the Infringing Websites' infringement and that Defendant's web services materially contributed to that infringement.   (Id. at ¶¶ 1-2.)

Defendant brings five counterclaims, all for declaratory judgment: a declaration of noninfringement by Defendant, a declaration that there is no evidence of the Infringing Websites' direct infringement at the time of the Complaint, a declaration that Plaintiffs' notices failed to comply with 17 U.S.C. § 512(b)(2)(E), a declaration that Defendant is entitled to the safe harbor under 17 U.S.C. § 512(a), and a declaration that Defendant is entitled to the safe harbor under 17 U.S.C. § 512(b) (the "Amended Counterclaims").  (D.E. No. 35 at ¶¶ 232-321.)

Plaintiff Allure is a family business that designs and manufactures wedding dresses and maintains its principal place of business in Tennessee.  (D.E. No. 1, ¶ 17.)  Plaintiff Justin Alexander, Inc. is a New Jersey corporation.  (Id. at ¶ 18.)  Plaintiff Justin Alexander manufactures and sells wedding

dresses.  (Id. at ¶ 32.)  Both Plaintiffs hold copyrights for images of models wearing Plaintiffs' dresses.  (Id. at ¶¶ 37-45.)  Plaintiffs allege that the Infringing Websites use Plaintiffs' images to sell imitations of Plaintiffs' gowns through the internet.  (Id. at ¶ 46.)

Most of the Infringing Websites are based in China, Southeast Asia, or on servers that advertise their non-compliance with United States copyright laws.  (Id. at ¶ 4.)  The Infringing Websites use Plaintiffs' copyrighted images on their websites.  (Id. at ¶¶ 47-48.)  The Infringing Websites sell their dresses for much less than Plaintiffs.  (See id. at ¶¶ 50.)  The Infringing Websites pose as authorized online sellers, but the Infringing Websites "send to consumers inferior and different dresses."  (Id. at ¶ 51.)

Defendant provides Content Delivery Network ("CDN"), domain nameserver ("DNS"), and other security services to the Infringing Websites.  (Id. at ¶ 52.)  CDNs work by pulling content files from the host server and caching them in CDN data centers.  (Id. at ¶ 55.)  CDN services reduce the time it takes for content to load for a user because they shorten the physical distance that data must travel between the host and the user.  (Id. at ¶54-57.)  Plaintiffs allege that Defendant "enables the Infringing Website Defendants to deliver their infringing website content rapidly and reliably to U.S. consumers. . ."  (Id. at ¶ 11.)

Defendant's DNS service and other services it offers reduce the loading time of the Infringing Websites on users' computers. (Id. at ¶¶ 103-104.)

Plaintiffs allege that they lack meaningful remedies against the Infringing Websites because those Websites are hosted on servers in jurisdictions that make enforcement difficult. (See Id. at 2.)  Plaintiffs allege that they have sent notices to Defendant of the Infringing Websites' copyright infringements, but that Defendant has continued to allow the Infringing Websites to use Defendant's services.  (Id. at ¶¶ 108-112.)  Plaintiffs allege that Defendant refuses to terminate repeat infringers and frustrates Plaintiffs' investigation into the Infringing Websites.  (Id. at ¶¶ 115-116.)

Defendant does not host the Infringing Websites.  (D.E. No. 35, ¶ 59.)  Defendant alleges that Plaintiffs never directly communicated with Defendant about the Infringing Websites' alleged copyright infringement.  (Id. at ¶ 177.)  Defendant alleges that Plaintiffs relied on agents to communicate with Defendant about the alleged copyright infringement.  (Id. at ¶ 178.)

Defendant has a policy of terminating repeat infringers who use its services.  (Id. at ¶ 73.)  Defendant's policies consider the existence of incorrect and bad-faith notifications of claimed infringement and whether an objective and neutral decision maker

4

has made an authoritative decision that infringement has occurred. (Id. at ¶¶ 79-81.) Defendant says Plaintiffs' notices were deficient because the notices did not provide a statement that the complaining party had a good faith belief that the use of the material in the manner complained was not authorized by the copyright owner, did not directly name Defendant, and inaccurately referred to Defendant's hosting the infringing content. (Id. at ¶¶ 114-125.)

On January 6, 2020, Plaintiffs filed their Complaint. (D.E. No. 1.)  On March 20, 2020, Defendant filed its Answer and Counterclaim. (D.E. No. 21.)  On May 25, 2020, Plaintiffs filed their Motion to Dismiss the Counterclaim.  (D.E. No. 28.)  On June 26, 2020, Defendant filed a Consent Motion for Leave to File Amended Counterclaims and Answer. (D.E. No. 35.)  The Court granted Defendant's Motion on June 29, 2020.  (D.E. No. 34.)  On June 30, 2020, Defendant filed the Amended Counterclaims and Answer. (D.E. No. 35.)  Plaintiffs filed the Motion on July 14, 2020.  (D.E. No. 37.)

## II.  Jurisdiction

The Court has federal question jurisdiction.  Under 28 U.S.C. § 1331, district courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  Under 28 U.S.C. § 1338(a), district courts have jurisdiction over copyright actions.

5

Plaintiffs bring two claims of copyright infringement.   (D.E. No. 1, ¶¶ 117-141.)

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq, allows the Court to declare parties' rights and legal relations. The Declaratory Judgment Act does not provide the Court with subject-matter jurisdiction. Heydon v. MediaOne of Se. Michigan, Inc., 327 F.3d 466, 470 (6th Cir. 2003).   The Court must have independent jurisdiction to grant relief under the Act.   Id.   The parties must bring an actual controversy to invoke jurisdiction. Saginaw Cty., Michigan v. STAT Emergency Med. Servs., Inc., 946 F.3d 951, 954 (6th Cir. 2020).   After determining that it has jurisdiction, the Court has the discretion to grant a declaratory judgment.   AmSouth Bank v. Dale, 386 F.3d 763, 784 (6th Cir. 2004).   Defendant's Amended Counterclaims rely on copyright law. (See D.E. No. 35, ¶¶ 232-321.)

## III. Standard of Review

The Court considers the following five factors in determining whether a declaratory judgment is appropriate: "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory action would

6

increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." Grand Trunk Western R. Co. v. Considated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984). The Sixth Circuit has held that a defendant can seek declaratory judgment by way of counterclaim when the defendant would have been permitted to seek declaratory judgment in a separate suit. Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 126 F.2d 172, 175 (6th Cir. 1942). Courts may evaluate whether a declaratory judgment serves a "useful purpose" or whether it is redundant without considering the Grand Trunk factors. Malibu Media, LLC v. Redacted, 705 F. App'x 402, 405-406 (6th Cir. 2017).

Rule 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) applies to a motion to dismiss a counterclaim. See Mountain Motorsports Paving & Constr. LLC v. Yamaha Motor Corp., U.S.A., No. CV 14-76-ART, 2015 WL 12978827 at *1 (E.D. Ky. Mar. 16, 2015). "To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The factual allegations must be more than speculative. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). The Court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations, but it does not accept legal conclusions or unwarranted factual inferences as true. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018). "The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions." Id. (citing Twombly, 550 U.S. at 556; Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009)).

## IV.  Analysis

### A.    Noninfringement Counterclaims

A defendant's declaratory judgment counterclaim may be dismissed when it mirrors the plaintiff's claims.  Fed. Deposit Ins. Corp. v. Project Dev. Corp., No. 86-5490; 1987 WL 37488at *3 (6th Cir. May 27, 1987) ("when a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose.").  This is known as the "mirror-image" rule. See Styker Corp. v. Ridgeway, No. 1:13-CV-1066, 2014 WL 3704284 at *1 (W.D. Mich. July 24, 2014).  The mirror image rule applies when deciding whether a declaratory judgment serves a useful

purpose.  Malibu Media 705 F. App'x at 405-406 ("Courts have evaluated whether such a 'useful purpose' exists by looking specifically at the issue of redundancy and may appropriately do so without relying on the Grand Trunk factors.")  A redundant declaratory judgment counterclaim fails to state a claim for relief.  Id. at 406. In those circumstances, a court need not assess its discretion to exercise jurisdiction over the declaratory judgment.  Id.  Under the "mirror image" rule, a declaratory judgment counterclaim should be dismissed when it "merely restates the issues as a 'mirror image' to the complaint" because it "serves no purpose." Fed. Dep Ins., 1987 WWL 37488 at *3.

Before Malibu Media, district courts in this Circuit were divided on the application of the mirror image rule.  See Innovation Ventures, LLC v. N2G Distrib., Inc., 779 F. Supp. 2d 671, 682 (E.D. Mich. 2011)  In Malibu Media, the Sixth Circuit affirmed the district court's decision to dismiss the defendant's counterclaim because the defendant sought only a declaration that the defendant did not infringe the plaintiff's copyright. Malibu Media, 705 F. App'x at 406.  The court reasoned that the resolution of the plaintiff's case would dispose of all factual and legal issues necessary for deciding the counterclaim.  Id. District courts in this Circuit have since applied Malibu Media in dismissing mirror image counterclaims.  See Joe Hand

Promotions, Inc., v. Ricky Simpson et. al., No. 3:20-cv-00640; 2021 WL 679283 (M.D. Tenn. Feb. 22, 2021); Joe Hand Promotions, Inc. v. Griffith, No. 3:20-CV-382, 2021 WL 102229 (E.D. Tenn. Jan. 12, 2021); Boden v. St. Elizabeth Med. Ctr., Inc., No. CV 16-49-DLB-CJS, 2018 WL 1629866 (E.D. Ky. Apr. 4, 2018).

A valid declaratory judgment counterclaim can be asserted when the defendant seeks to cancel the plaintiff's intellectual property right. In Dominion, the Sixth Circuit reversed the district court's dismissal of the defendant's counterclaim for a declaration that the defendant did not infringe and that the plaintiff's trademark was invalid. Dominion, 125 F.2d at 173. The court reasoned that, because the issue of validity might not be resolved in a trademark or a patent case, and because the defendant would be permitted to bring a declaratory judgment action to invalidate the intellectual property, the declaratory judgment counterclaim served a useful purpose. Id. at 174-175.

Relying on Dominion, courts in the Sixth Circuit have found that a defendant may assert a counterclaim when challenging the validity of a plaintiff's intellectual property right. See Good L Corp. v. Fasteners for Retail, Inc., No. 3:18-CV-00489, 2020 WL 2572480 at *3 (M.D. Tenn. May 20, 2020)("it remains the case that a finding of non-infringement could be decided on any number of grounds and would not necessarily require a determination of validity and it is this declaration that [the defendant] seeks

through its counterclaim."); <u>Holley Performance Prod., Inc. v.</u> <u>Quick Fuel Tech., Inc.</u>, 624 F. Supp. 2d 610, 616 (W.D. Ky. 2008) (counterclaims asserting the invalidity of a trademark serve "a 'useful purpose' because they engage the remedy of cancellation under the Lanham Act, § 37, 15 U.S.C.A. § 1119, and provide defendants with confidence that they will not infringe the mark in the future. Thus, courts routinely permit counterclaims for declaratory judgment that the marks sought to be enforced are invalid and unenforceable"); <u>Riding Films, Inc. v. White</u>, No. 2:13-CV-00046, 2014 WL 3900236 at *3 (S.D. Ohio Aug. 11, 2014) ("A counterclaim for declaratory judgment in the copyright context is appropriate if a court could find non-infringement without adjudicating the validity of the underlying intellectual property, thus leaving the Defendant in fear of future actions.").

Courts have also concluded that declaratory judgment counterclaims are permitted when the counterclaims could form the basis of a separate suit. <u>See</u> <u>Sanger v. Bowie Res., LLC</u>, No. 3:14-CV-00541-PLR, 2015 WL 3960876 at *2 (E.D. Tenn. June 29, 2015) (the declaratory judgment request served a useful purpose because the plaintiff's claim could be resolved without determining the enforceability of the fee agreement that formed the basis of the defendant's counterclaim); <u>Erickson v. Brock &</u> <u>Scott, PLLC</u>, No. 2:09-CV-02461-CGC, 2009 WL 4884424 at *4 (W.D.

11

Tenn. Dec. 8, 2009)("the Court finds that the instant case meets the essential requirement set forth by the <u>Dominion</u> court for a proper declaratory judgment counterclaim—namely, that it could have been the basis of a separate suit in equity").

Some courts have concluded that, because the plaintiff's requested relief might not be resolved on the merits, a counterclaim like the plaintiff's claim could proceed. <u>See Summit Properties P'ship v. Advance Stores Co., Inc.</u>, No. 3:18-CV-497-TAV-DCP, 2019 WL 2359568 at *3 (E.D. Tenn. June 4, 2019) (holding that the interpretation of the lease agreement was at the heart of the case and that, because the claim could be resolved on another ground, the counterclaim to declare the defendant's interpretation correct was not prohibited by the mirror image rule.)  Another court allowed a legally distinct counterclaim when it addressed a federal-law unfair competition claim in a state-law-unfair-competition-claim case. <u>Am. Energy Corp. v. Am. Energy Partners, LP</u>, No. 2:13-CV-886, 2015 WL 881519 at *2 (S.D. Ohio Mar. 2, 2015)("The federal-law counterclaim mirrors Am. Corp.'s state-law claim and will introduce minimal additional work while providing additional clarity between the parties.")

One court has permitted identical counterclaims for noninfringement.  It reasoned that a duplicative counterclaim of noninfringement and a counterclaim asserting the § 512 safe

harbors could proceed because "there is no harm to Plaintiffs in letting these claims stand." Capitol Records, Inc. v. MP3tunes, LLC, 611 F. Supp. 2d 342, 348 (S.D.N.Y. 2009).  The court also reasoned that allowing the counterclaim "ensures that the dispute will be resolved, even if Plaintiffs decide not to pursue their claims."  Id.

When the counterclaim does not seek to invalidate the intellectual property right, courts have found there is no valid counterclaim for noninfringement.  See Pearson Educ., Inc. v. C&N Logistics, Inc., No. 3:18-CV-00438, 2018 WL 6528128 at *5 (M.D. Tenn. Dec. 12, 2018) ("because identity of factual and legal issues between the complaint and the counterclaim allegations related to copyright infringement exists, the declaratory judgment claim related to copyright infringement will be dismissed with prejudice."); Malibu Media, 705 F. App'x at 406 (holding that dismissal of the declaratory judgment counterclaim was proper because the "resolution of [the plaintiff's] copyright infringement claim would dispose of all factual or legal issues necessary for deciding that counterclaim."); Arista Records LLC v. Usenet.com., Inc., No. 07 CIV. 8822 (HB), 2008 WL 4974823 at *4-5 (S.D.N.Y. Nov. 24, 2008) (dismissing counterclaims that mirrored the plaintiff's complaint); Maverick Recording Co. v. Chowdhury, No. CIVA CV07-640DGT, 2008 WL 3884350 at *1-2 (E.D.N.Y. Aug. 19, 2008) ("To

13

the contrary, the basis of the counterclaim is that the defendant did not commit the infringing acts-a question that will either be necessarily resolved if the case is decided on the merits or become non-justiciable if the plaintiffs voluntarily discontinue their suit. Accordingly, the counterclaim seeking a declaratory judgment of non-infringement serves no purpose and is dismissed."); Simpson, 2021 WL 679283 at *6-7 (dismissing mirror image counterclaim of noninfringement as redundant); Griffith, 2021 WL 102229 at *2 (dismissing mirror image counterclaims of noninfringement).

None of Defendant's arguments that its Amended Counterclaims serve a useful purpose is persuasive. Defendant argues that the Counterclaims are useful because "(1) they tee up key legal and factual questions that will resolve not only this case but the broader ongoing dispute between the parties; (2) they supply facts that make resolution of these issues at an earlier stage of the case more likely; and (3) they assure that the Plaintiffs cannot avoid a decision and possible liability for attorney's fees, only to assert related claims later." (D.E. No. 39, 14.)

Defendant's argument that its Amended Counterclaims will supply facts that make the resolution of the issues at an earlier stage of the case more likely is not well taken. Defendant argues that its Counterclaims are useful because Plaintiffs have

14

failed to provide factual context for their claims.  Defendant does not explain why it needs the Amended Counterclaims, rather than its Answer, to address those alleged omissions.  Nothing in Defendant's Amended Counterclaims makes resolution of this case more likely.

Defendant's argument that the Amended Counterclaims are useful because they will resolve a broader dispute is not well taken because a declaratory judgment requires an actual case or controversy to satisfy the "actual controversy" requirement of Article III.  Saginaw Cty, 946 F.3d at 954 (6th Cir. 2020). Defendant does not explain how any alleged "broader issues" satisfy the "actual controversy" standard.

Defendant's argument that the Amended Counterclaims are useful to preserve Defendant's potential attorney's fee award is not well taken.  Under 17 U.S.C. § 505, the Court has the discretion to award reasonable attorney's fees to the prevailing party in a civil case.  Courts have repeatedly held that the potential for the award of attorney's fees does not support a counterclaim. See Malibu Media, 705 F App'x at 406-407; Arista, 2008 WL 4974823 at *5.  Whether a prevailing party is entitled to attorney's fees under § 505 is not ripe until a party has prevailed.  Maverick Recording Co., 2008 WL 3884350 at *1.  The Sixth Circuit held in Malibu Media that § 505 allows the court to award reasonable attorney's fees to the prevailing party

"without regard to whether the defendant has asserted a counterclaim." <u>Malibu Media</u>, 705 F App'x at 407.

Defendant's argument that its Amended Counterclaims are useful to prevent Plaintiffs from dismissing the case and bringing it again is unavailing. That concern is speculative. Defendant's Answer is included in its Amended Counterclaims. (<u>See</u> D.E. No. 35, pp. 45-64.) Under the Federal Rules of Civil Procedure, if Plaintiffs seek to dismiss this case, the Court will decide whether dismissal should be with prejudice. Fed.R.Civ.P. 41(a)(2). As the Court in <u>Arista</u> noted, the defendant was not threatened with future litigation by the plaintiff because once the answer had been filed the court had the discretion to decide whether to dismiss with prejudice. <u>Arista</u>, 2008 WL 4974823 at *5. Defendant does not allege that Plaintiffs intend to dismiss this case. If Plaintiffs decide to dismiss, the Court can decide whether to dismiss with prejudice.

Defendant's Amended Counterclaim for a declaration that Defendant did not infringe Plaintiff's copyright fails to state a claim on which relief can be granted. A duplicative counterclaim fails to state a claim and should be dismissed under Rule 12(b)(6). <u>See</u> <u>Malibu Media</u>, 705 F. App'x at 406-407. Defendant relies on <u>Good L</u> and <u>Capitol Records</u> to support its argument that its counterclaim is not duplicative. The district court in <u>Capitol Records</u> permitted duplicative counterclaims

because it concluded that they did not prejudice the plaintiff. Capitol Records, 611 F. Supp. 2d at 348. The Sixth Circuit, however, has upheld the dismissal of mirror image counterclaims in multiple cases. See Fed. Deposit, 1987 WL 37488 at *3; Malibu Media, 705 F. App'x at 405-406. Good L is distinguishable because the court there allowed the declaratory judgment counterclaim to proceeded on the basis that it sought to invalidate the plaintiff's asserted trademark and tradedress. See Good L, 2020 WL 257480 at *3.

Defendant's Amended Counterclaim seeking a declaration of noninfringement mirrors Plaintiffs' claim of contributory infringement. Plaintiffs allege that Defendant contributorily infringed. (D.E. No. 1, ¶¶ 127-141.) Defendant seeks a declaration that it did not. (D.E. No. 35, 232, ¶¶ 232-267.) Defendant does not challenge the validity of Plaintiffs' copyrights. Defendant's Amended Counterclaim asserting that it did not infringe will necessarily be resolved by resolving Plaintiffs' claim.

Defendant's Amended Counterclaim that the there is no evidence of the Infringing Websites' direct infringement also mirrors Plaintiffs' claim. Plaintiffs assert that the Infringing Websites directly infringe Plaintiffs' copyright. (D.E. No. 1, ¶¶ 117-126.) Defendant seeks a declaration that there is no evidence of direct infringement. (D.E. No. 35, ¶¶ 268-275.)

17

"There can be no contributory infringement without a direct infringement." Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). Defendant's Amended Counterclaim asserting the absence of direct infringement will necessarily be resolved in deciding Plaintiffs' claim.

The Grand Trunk factors favor dismissing Defendant's noninfringement Amended Counterclaims. The first two factors, whether the action will settle the controversy and whether the action serves a useful purpose, weigh against Defendant. See Grand Trunk, 746 F.2d at 326. The Amended Counterclaims will not settle the controversy. It will be settled by resolving the Complaint. The Amended Counterclaims do not serve a useful purpose because they are redundant. They mirror the Complaint. The third factor, whether declaratory judgment is being used for "procedural fencing" or in a "race for res judicata", is not applicable. See id. The Complaint and the request for declaratory judgment are both before this Court. (See D.E. No. 1; D.E. No. 35.) The fourth factor, whether declaratory judgment would encroach on state jurisdiction, is not applicable. This is a copyright action. See id. The fifth factor, whether there is a better or more effective alternative remedy, weighs against Defendant. See id. A redundant counterclaim is better handled through the normal course of litigation rather than a declaratory judgment counterclaim. See Emerman v. Fin. Commodity

18

Investments, LLC, No. 1:13CV2546, 2015 WL 3742252 at *13 (N.D. Ohio June 15, 2015) (finding that the fifth factor weighed against the declaratory judgment counterclaim because it was better to "allow[] the parties to address whether Defendants misrepresented CPP's trading methodology through the normal course of this litigation; i.e., discovery and motion practice regarding Plaintiffs' claims and Defendants' defenses.").

Defendant's Amended Counterclaims for a declaration of noninfringement and a declaration that there is no evidence that the Infringing Websites infringed are **DISMISSED**.

**B.    Safe Harbor Counterclaims**

Defendant asserts two Amended Counterclaims for a declaration that Defendant has complied with the § 512(a) and (b) safe harbors.

17 U.S.C. § 512 of the Digital Media Control Act ("DMCA") provides defendants in copyright cases with safe harbor defenses. Arista, 2008 WL 4973823 at *1, 4.  Under § 512(a), a service provider is not liable for monetary damages for transitory digital network communications if the requirements of the subsection are met.  17 U.S.C. § 512(a).  Under § 512(b), a service provider is not liable for monetary damages for system caching if the subsection's limitations and conditions are met. 17 U.S.C. § 512(b).  Under § 512(c) a service provider is not liable for monetary damages for information residing on systems

or networks if it complies with certain conditions.  17 U.S.C. § 512(c). The § 512 safe harbors apply only if the defendant is found liable for copyright infringement.   See Ellison v. Robertson, 357 F.3d 1072, 1077 (9th Cir. 2004); Arista, 2008 WL 497823 at *4.  If the defendant has complied with one of the § 512 safe harbors, the defendant is not liable for monetary damages.  17 U.S.C. § 512(a)-(c).  Although compliance with the subsection protects the defendant from monetary damages, if the conditions of § 512(j) are met, the court may enter an injunction against a defendant who is protected by the § 512 safe harbors. 17 U.S.C. § 512(j).  The § 512 safe harbors are affirmative defenses to a claim of copyright infringement.  Veoh Networks, Inc. v. UMG Recordings, Inc., 522 F. Supp. 2d 1265, 1271-1272 (S.D. Cal. 2007) (dismissing the plaintiff's claim for a declaratory judgment asserting the § 512 safe harbors because the § 512 safe harbors were affirmative defenses, not a separate cause of action).  Faced with a declaratory judgment counterclaim asserting the § 512 safe harbors, the Court in Arista also concluded that "[t]he DMCA does not provide an affirmative cause of action." Arista, 2008 WL 4974823 at *4.

An affirmative defense may not be asserted as a separate declaratory judgment action.  Courts permit declaratory judgment counterclaims when the counterclaim could be the basis for a

separate declaratory judgment suit.  See e.g., Erickson, 2009 WL
4884424 at *4; Riding Films, 2014 WL 3900236 at *3.  "[U]sing
the Declaratory Judgment Act to anticipate an affirmative defense
is not ordinarily proper, and numerous courts have refused to
grant declaratory relief to a party who has come to court only
to assert an anticipatory defense."  Veoh, 522 F. Supp. 2d at
1271.  The § 512 safe harbors are affirmative defenses to a
specific copyright infringement claim.  Id.

One court has permitted a § 512 safe harbor declaratory
judgment counterclaim.  Capitol Records, 611 F. Supp. 2d at 348.
Most courts, however, have concluded that § 512 does not provide
an affirmative cause of action.  See Arista 2008 WL 4974823 at
*4; Ellison, 357 F.3d at 1077.  The court in Veoh explained that
declaring the plaintiff had complied with the § 512 safe harbors
"would seemingly insulate the Plaintiff's business model against
all infringement claims, from every copyright holder, for all
time."  Veoh, 522 F.Supp 2d. at 1271.  The court in Veoh dismissed
the declaratory judgment action asserting § 512 safe harbors.
Id. at 1270-1273 (denying the plaintiff's request for a
declaratory judgment that the plaintiff had complied with the §
512(c) safe harbor).  The court in Arista dismissed a declaratory
judgment counterclaim asserting the § 512(a) and (c) safe harbors

because compliance with the safe harbors was not an affirmative cause of action. Arista, 2008 WL 4974823 at *4-5.

Defendant's Amended Counterclaims invoking the § 512(a) and § 512(b) safe harbors are not independent controversies that can be brought in an action for declaratory judgment. The § 512 safe harbors are affirmative defenses. See Arista, 2008 WL 4974823 at *4. They apply only if there has been copyright infringement. Veoh, 522 F. Supp 2d. at 1271. They are not independent bases for declaratory judgment. Defendant does not risk losing these defenses if its Amended Counterclaims are dismissed. See id. at 1272 ("There is no risk that plaintiff will lose their [sic] chance to litigate the appropriateness of the Section 512(c) safe harbor. Indeed, in response to the specific infringement claims pending in the Central District of California, the Section 512 safe harbor can be readily applied with the facts necessary to render a conclusive judgment.").

The Grand Trunk factors also weigh in favor of dismissing Defendant's safe harbor Amended Counterclaims. The first two factors, whether the action will settle the controversy and whether the action serves a useful purpose, weigh against Defendant. See Grand Trunk, 746 F.2d at 326. These Counterclaims will not settle the controversy because they are not separate causes of action. They do not serve a useful

purpose because they cannot be brought on their own and are duplicative of the affirmative defenses that Defendant can use to defend against Plaintiff's claim.   The third and fourth factors are not applicable.   The fifth, whether there is a more effective alternative remedy, weighs against Defendant.   See id. The § 512 safe harbor Counterclaims are more effectively resolved as part of Plaintiff's claim.

Defendant's Amended Counterclaims for a declaration that Defendant has complied with the § 512(a) and § 512(b) safe harbors are **DISMISSED.**

### C.   Notice Counterclaim

Defendant seeks a declaration that Plaintiffs never provided Defendant with notifications of the Infringing Websites' claimed infringement pursuant to 17 U.S.C. § 512(b)(2)(E).

Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) are the same as for § 512(c).   Seventeen U.S.C. § 512(c)(3) describes the elements of effective notification under 17 U.S.C. § 512(c).   That notice is evidence of the service providers' knowledge that there was actual infringement.   UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1021 (9th Cir. 2013).   Notice that fails to substantially comply with the subsection may not be considered

in determining whether a service provider has actual knowledge of infringement.   17 U.S.C. § 512(c)(B)(i); see also UMG Recordings, 718 F.3d. at 1021 n. 12.

A declaratory judgment is intended for "the clarification of legal duties for the future, rather than the past harm a coercive tort action is aimed at redressing." AmSouth Bank, 386 F.3d at 786; see also ID Ventures, LLC v. Chubb Custom Ins. Co., No. 17-14182, 2018 WL 1792372 at *5 (E.D. Mich. Apr. 16, 2018) ("a declaratory judgment is intended to clarify the legal duties for the future, rather than address alleged past harm"); Corliss v. O'Brien, 200 F. App'x 80, 84 (3rd Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct"). In Sony/ATV Music, the court dismissed the defendant's counterclaim seeking declaratory judgment only for past violations of copyright law.   Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc., No. 3:09-CV-01098, 2011 WL 4729811 at *3 (M.D. Tenn. Oct. 7, 2011), citing Green v. Mansour, 474 U.S. 64, 73 (1985).

Defendant argues that its Amended Counterclaim is prospective and encompasses all future notices that Plaintiffs might send Defendant.  However, Defendant's Amended Counterclaim seeks a declaration "that Plaintiffs provided Cloudflare with no valid notifications of claimed infringement of their works by

Does 1-200 in accordance with 17 U.S.C. § 512(b)(2)(E)." (D.E. No. 35, ¶ 279.) Defendant's Amended Counterclaim seeks a declaration about past conduct, not prospective relief. The Amended Counterclaim is based on notices that are the basis of a potential defense. Defendant's claim that Plaintiffs' notices did not comply with § 512(b)(2)(E) is not a separate cause of action or a valid basis for a declaratory judgment.[1]

The Grand Trunk factors also weigh in favor of dismissing Defendant's notice Counterclaim. The first two factors, whether the action will settle the controversy and whether the action serves a useful purpose, weigh against Defendant. See Grand Trunk, 746 F.2d at 326. The notice Counterclaim will not settle the controversy because Plaintiff can prevail even if the notice requirement was not satisfied. The notice Counterclaim does not serve a useful purpose because it is not outcome determinative. The third and fourth factors are not applicable. The fifth, whether there is a more effective alternative remedy, weighs against Defendant. See id. The notice Counterclaim is more effectively resolved by hearing it as part of Plaintiff's claim.

---

[1] Under 17 U.S.C. § 512(f), an alleged infringer may bring a claim for misrepresentation if the takedown notice was not made in good faith. Defendant's Amended Counterclaim does not invoke that subsection. Defendant seeks only a declaration that the notices were deficient.

25

Defendant's Amended Counterclaim seeking a declaration that Plaintiffs' notices failed to comply with the § 512(b)(2)(e) is **DISMISSED.**

## V.   Conclusion

Plaintiffs' May 25, 2020 Motion to Dismiss the original Counterclaim is **DENIED** as moot.  Plaintiffs' Motion is **GRANTED.** Defendant's Amended Counterclaims seeking a declaration of noninfringement, a declaration that there is no evidence of the Infringing Websites' direct infringement, a declaration that Plaintiffs' notices failed to comply with § 512(b)(2)(e), a declaration that Defendant is entitled to the § 512(a) safe harbor, and a declaration that Defendant is entitled to the § 512(b) safe harbor are **DISMISSED.**

SO ORDERED this 24th day of February, 2021.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE