UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC. and DOES 1 - 200, inclusive, <br><br> Defendants. <br><br> CLOUDFLARE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Counterdefendants. | Case No. 2:20-cv-02007-SHM-dkv <br><br> **CLOUDFLARE'S MOTION FOR REVISION OF INTERLOCUTORY ORDER GRANTING MOTION TO DISMISS DEFENDANT/ COUNTERCLAIMAINT'S AMENDED COUNTERCLAIMS** |

**CLOUDFLARE'S MOTION FOR REVISION OF INTERLOCUTORY ORDER
GRANTING MOTION TO DISMISS DEFENDANT/ COUNTERCLAIMAINT'S
AMENDED COUNTERCLAIMS**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7.3, Defendant/Counterclaimant, Cloudflare, Inc. ("Cloudflare") respectfully moves the Court to revise page 23 the Court's February 24, 2021 Order on the grounds of Civil Local Rule 7.3(b)(3). [Dkt. 46.]  In support of this Motion, Cloudflare relies on the attached Memorandum of Facts

and Law.  Plaintiffs oppose this Motion, acknowledging that they would not be prejudiced by this revision but objecting to its timing as indicated in the attached Certification of Consultation.

**CLOUDFLARE'S MEMORANDUM OF FACTS AND LAW IN SUPPORT OF ITS MOTION FOR REVISION OF INTERLOCUTORY ORDER GRANTING MOTION TO DISMISS DEFENDANT/ COUNTERCLAIMAINT'S AMENDED COUNTERCLAIMS**

Cloudflare respectfully moves the Court under Rule 54(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7.3 for a small and specific revision to correct an important technical point in the Court's February 24, 2021 Order.  [Dkt. 46.]  This Motion does not seek to alter the outcome of the Court's ruling but merely seeks a correction of one point of law which, if left uncorrected, may create confusion.

Specifically, at page 23 of the February 24, 2021 Order, the Court states "Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) are the same as for § 512(c)." [Dkt. 46 at 23.]  While the February 24 Order is correct that § 512(b)(2)(E) incorporates all of the notice requirements of § 512(c), § 512(b)(2)(E) separately enumerates two important *additional* requirements.  The full statutory language of 17 U.S.C. § 512(b)(2)(E) outlines the additional requirements for notifications of claimed infringement directed at service providers of system caching:

> (E) if the person described in paragraph (1)(A) makes that material available online without the authorization of the copyright owner of the material, the service provider responds expeditiously to remove, or disable access to, the material that is claimed to be infringing upon notification of claimed infringement as described in subsection (c)(3), ***except that this subparagraph applies only if***—
>
> (i)the material has previously been removed from the originating site or access to it has been disabled, or a court has ordered that the material be removed from the originating site or that access to the material on the originating site be disabled; and
>
> (ii) ***the party giving the notification includes in the notification a statement confirming that the material has been removed from the originating site or access to it has been disabled or that a court has ordered that the material be***

> *removed from the originating site or that access to the material on the originating site be disabled.*

17 USC § 512(b)(2)(E) (emphasis added). Accordingly, under the plain text of the statute, notifications to service providers under § 512(b) must comply with both the requirements of § 512(c) *and* the additional requirements in subsection (ii) of § 512(b)(2)(E).

If left uncorrected, an opinion declaring that the notification requirements for Sections 512(b) and 512(c) are the same could lead to confusion. Accordingly, on the grounds of Local Rule 7.3(b)(3), Cloudflare respectfully requests that the Court revise page 23 of the February 24, 2021 Order to acknowledge the additional requirements for notifications under 17 U.S.C. § 512(b) beyond the requirements of § 512(c). Specifically, Cloudflare proposes that the Court update the relevant language on page 23 to read: "Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) *include the* same *requirements* as § 512(c) *and an additional requirement under § 512(b)(2)(E)(ii)*." Alternatively, the Court could correct the order by striking the sentence, which appears to have been provided for background and not as a basis for the Court's ultimate ruling.

## I. LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Civil Local Rule 7.3 outlines the permissible grounds for motions to revise interlocutory orders, including "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." L.R. 7.3(b)(3). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent

manifest injustice." *Venture v. Blasingame*, No. 2:12-CV-02999-SHM, 2016 WL 6810873, at *8 (W.D. Tenn. Nov. 17, 2016) (quoting Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (acknowledging the Court "clearly erred" in its prior order). District courts have "inherent authority" and "significant discretion" to revise interlocutory orders. *Glass v. Nw. Airlines, Inc.*, 798 F. Supp. 2d 902, 907–08 (W.D. Tenn. 2011) (granting defendant's motion to revise on the basis that the Court "committed a clear error of law").

## II.     REVISION IS APPROPRIATE HERE

Cloudflare respectfully requests that the Court exercise its discretion to revise page 23 of the Court's February 24, 2021 Order to more accurately summarize notification requirements for service providers under the 17 U.S.C. § 512(b). *See Glass v. Nw. Airlines, Inc.*, 798 F. Supp. 2d at 907–08 (recognizing the Court's authority and discretion to revise orders); *see also* [Dkt. 46]. Such a revision is necessary "to correct a clear error." *See id.* The Court's Order does not dispose of all claims in the case and therefore is an interlocutory order that may be revised at any time, at the Court's discretion, under Rule 54(b). *See* Fed. R. Civ. P. 54(b); *see also* [Dkt. 46]. The statement on page 23 of the Order that summarizes 17 U.S.C. § 512(b) by noting that the "notification requirements for § 512(b) are the same as for § 512(c)" warrants correction under Local Rule 7.3(b)(3). *See also See Glass v. Nw. Airlines, Inc.*, 798 F. Supp. 2d at 906–08 n.1–2 (acknowledging the new Local Rule 7.3 and Rule 54(b) for the basis to correct errors of law). Because this is not a motion to alter or amend a judgment and is instead a motion for revision of an interlocutory order under Local Rule 7.3 and Federal Rule of Civil Procedure 54(b), this motion remains timely.

Accordingly, Cloudflare respectfully asks that the Court grant this Motion and revise the Court's February 24, 2021 Order as proposed above.

Dated:  May 7, 2021

Respectfully submitted,

By: *s/ Andrew P. Bridges*
Andrew P. Bridges
Cal. State Bar: 122761
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Email: abridges@fenwick.com
(Admitted to U.S.D.C., W.D. Tenn.)

Robb S. Harvey
BPR Number: 011519
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615.850.8859
Email:  robb.harvey@wallerlaw.com

Attorneys for Defendant Cloudflare, Inc.

## CERTIFICATE OF CONSULTATION

I hereby certify that on April 29, 2021, the undersigned counsel, along with colleagues Robb Harvey and Meghan Fenzel, conferred via telephone with Plaintiffs' counsel, Russell Bogart, regarding this Motion. Plaintiffs' counsel advised Cloudflare's counsel that they oppose this motion as untimely and unnecessary but do not claim any prejudice.

*s/ Andrew P. Bridges*
Andrew P. Bridges

## CERTIFICATE OF SERVICE

I am counsel of record for defendant Cloudflare, Inc. and certify that on May 7, 2021, a copy of this document, **Cloudflare's Motion for Revision of Interlocutory Order Granting Motion to Dismiss Defendant/ Counterclaimant's Amended Counterclaims,** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/ Andrew P. Bridges*
Andrew P. Bridges
