# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC. and DOES 1 - 200, inclusive, <br><br> Defendants. <br><br> CLOUDFLARE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Counterdefendants. | Case No. 2:20-cv-02007-SHM-atc <br><br> **CLOUDFLARE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR REVISION OF INTERLOCUTORY ORDER** |

### CLOUDFLARE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR REVISION OF INTERLOCUTORY ORDER

Cloudflare seeks a small and specific revision to correct a technical point of copyright law on page 23 of the Court's February 24, 2021 Order. [*See* Dkts. 46, 47.] This correction, regarding the explicit statutory notification requirements for different service providers under the Digital Millennium Copyright Act, would not alter the outcome of prior stages of this case. [*See* Dkt. 47 at 2–3.] But without correction, this *dicta* statement, which is neither needed nor even requested by the Plaintiffs in this case, could create confusion in other cases in the future. *See id.* Cloudflare simply asks the Court to revise the single line to align with the full statutory language of 17 U.S.C. § 512(b)(2)(E) or, alternatively, to strike that single line.

In their Response to Cloudflare's Motion, and to their credit, Plaintiffs do not allege any substantive reason to oppose Cloudflare's request to modify one line in the Court's ruling. Plaintiffs do not dispute the accuracy of Cloudflare's proposed correction or ask the Court to maintain the line Cloudflare seeks to revise or strike. [*See* Dkt. 48.] Nor do Plaintiffs assert that the line's deletion would impact their claims in any way (and it would not). [Dkt. 48 at 2.] Instead, Plaintiffs rely on a hyper-technical reading of Local Rule 7.3 to oppose Cloudflare's Motion.

Cloudflare respectfully submits that it has demonstrated that it has satisfied Local Rule 7.3, and the overarching principles of Federal Rule of Civil Procedure 1. Rule 1 provides: "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Similarly, Local Rule 1.1(e) provides: "<u>Deviation from Local Rules</u>. By order

entered in any case, the Court may deviate from any provision of any Local Rules of this Court, when appropriate for the needs of the case and the administration of justice."

Plaintiffs' overly technical reading of Local Rule 7.3 would unreasonably restrict the Court from making useful corrections or clarifications of orders unless the correction were as to a "dispositive legal argument." [Dkt. 48 at 3.] But the Local Rules are not so rigid. They were adopted pursuant to Fed. R. Civ. P. 83, and do not supersede Fed. R. Civ. P. 1. And the Local Rules themselves also provide the Court discretion to fairly adjudicate cases, weighing the interests of justice over strict application of the rules. *See* L.R. 1.1(e).

The case Plaintiffs rely on is also inapplicable here. In *McDonald v. City of Memphis*, this Court denied a motion to revise, advising parties that motions would fail should they "merely restyle or rehash the initial issues." No. 12-2511, 2013 WL 3753628, at *1 (W.D. Tenn. July 15, 2013) (citing *In re Southeastern Milk Antitrust Litig.*, No. 2:07–CV–208, 2011 WL 3878332 (E.D. Tenn. Aug. 25, 2011). The *McDonald* order denied Defendant's efforts to relitigate the Plaintiff's motion to amend its complaint with slightly different legal arguments, ignoring the requirements of L.R. 7.3. *See id.* That is far from the case here. Cloudflare has not sought to rehash any arguments, but moves the Court under L.R. 7.3(b)(3) to revise a summary line regarding express statutory requirements that, although not a basis to change the outcome of the underlying motion to dismiss, might prove important in other cases. [*See* Dkt. 47 at 2–4; *see also* Dkt. 39 at 5, 12–13 (discussing how notification requirements relate to Cloudflare's qualifications for safe harbor).] Not even the Plaintiffs claim that the line impacts their claims. Cloudflare's Motion fulfills both the letter and spirit of the Federal and Local Rules governing motions to revise, and the Court would be well within its broad discretion to revise its Order.

3

Accordingly, Cloudflare respectfully asks that the Court grant Cloudflare's Motion and revise page 23 the Court's February 24, 2021 Order as requested. [*See* Dkt. 47 at 3.]

Respectfully submitted,

By: *s/ Andrew P. Bridges*
Andrew P. Bridges
(Cal. State Bar: 122761)
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Email: abridges@fenwick.com
(Admitted to U.S.D.C., W.D. Tenn.)

Robb S. Harvey
(Tenn. BPR No. 011519)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  615.850.8859
Email:  robb.harvey@wallerlaw.com

Attorneys for Defendant Cloudflare, Inc.

## CERTIFICATE OF SERVICE

I am counsel of record for defendant Cloudflare, Inc. and certify that on May 25, 2021, a copy of this document, **Cloudflare's Reply Brief in Support of Its Motion for Revision of Interlocutory Order Granting Motion to Dismiss Defendant/ Counterclaimant's Amended Counterclaims,** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. To the extent that Plaintiffs have filed physical addresses for other Defendants, those parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/ Andrew P. Bridges*
Andrew P. Bridges
