IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC, and DOES 1-200, inclusive,<br><br>Defendants.<br><br>CLOUDFLARE, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC.,<br><br>Counterdefendants. | No. 2:20-cv-02007-SHM-dkv |

**ORDER GRANTING MOTION TO CORRECT**

Before the Court is Defendant/Counterclaimant Cloudflare, Inc.'s ("Cloudflare") May 7, 2021 Motion for Revision (the "Motion.") (D.E. 47.) Plaintiffs/Counterdefendants ("Plaintiffs") responded opposing the Motion on May 18, 2021. (D.E. 48.) Cloudflare replied on May 25, 2021. (D.E. 51.) For the following reasons, the Motion is GRANTED.

**I.   Background**

The facts of this case are recited in the Court's February 24, 2021 Order.  (D.E. 46.)

**II.  Standard of Review**

A motion for reconsideration of an interlocutory order may be granted if it complies with the requirements of Federal Rule of Civil Procedure 54(b) and with Western District of Tennessee Local Rule 7.3.  Rule 54(b) states:

> "[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of final judgment adjudicating all the claims and all the parties' rights and liabilities."

Fed. R. Civ. P. 54(b).

The Sixth Circuit recognizes that Rule 54(b) gives district courts authority to hear motions for reconsideration. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004).  In the Sixth Circuit, reconsideration is warranted if "there is (1) an intervening change of controlling law;  (2) new evidence available;  or (3) a need to correct a clear error or prevent manifest injustice[.]" Hodgkins v. Fudge, 850 F. App'x 423, 428 (6th Cir. 2021) (quoting Rodriguez, 89 F. App'x at 959).  Courts in this District rely on Local Rule 7.3 for further guidance.  See, e.g., Camillo v. Campbell Clinic, P.C., 2021 WL 1233516, at *2 (W.D. Tenn. Apr. 1, 2021);  A&D

Devoted Logistics, LLC v. TruNorth Warranty Plans of N. Am., LLC, 2021 WL 4901558, at *2-3 (W.D. Tenn. Oct. 20, 2021); Williams v. Shelby Cty. Bd. of Edu., 2020 WL 3816234, at *3 (W.D. Tenn. July 7, 2020).

Under Local Rule 7.3, "[b]efore the entry of a judgment adjudicating all of the claims . . . in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court." W.D. Tenn. R. 7.3(a). The moving party must specifically show:

> (1) A material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order;  or (2) the occurrence of new material facts or a change of law occurring after the time of such order;  or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b).

Motions to reconsider interlocutory orders are not otherwise permitted. W.D. Tenn. R. 7.3(a). However, Local Rule 1.1(e) allows the Court to "deviate from any provision of any Local Rules of this Court, when appropriate for the needs of the case and the administration of justice." W.D. Tenn. R. 1.1(e).

**III. Analysis**

Cloudflare asks the Court to revise one sentence of its February 24, 2021 Order (the "Order.") (D.E. 47.) In the Order, the Court states: "Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) are the same for § 512(c)." (D.E. 46.) Cloudflare argues that this is an incorrect statement of the law, and that a more accurate statement would be: "Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) include the same requirements as § 512(c) and an additional requirement under § 512(b)(2)(E)(ii)." (D.E. 47.) Cloudflare seeks this revision, not to change the outcome of the Court's ruling, but to avoid any confusion about the notification requirements for Sections 512(b) and 512(c). (Id.)

Plaintiffs oppose Cloudflare's request. They do not argue that the revised statement is inaccurate, but rather that Cloudflare's Motion does not comport with Local Rule 7.3(b). (Id.) In reply, Cloudflare asks the Court to deviate from Local Rule 7.3(b) under the authority of Local Rule 1.1(e). (D.E. 51.)

Cloudflare's Motion complies with Federal Rule 54(b). It seeks to correct a clear error in the Court's Order. See Rodriguez, 89 F. App'x at 959. The Motion does not fall under any of the categories listed under Local Rule 7.3(b). See W.D.

4

Tenn. R. 7.3(b). Although Local Rule 7.3(a) provides that revisions must comply with Rule 7.3(b), the Court finds it appropriate to deviate from Rule 7.3 in these circumstances. See W.D. Tenn. R. 1.1(e).

Revising the Court's Order aids the administration of justice. The revision Cloudflare seeks does not affect the outcome of the Order and will avoid confusion for future litigants. Plaintiffs oppose the Motion because it does not comply with Local Rule 7.3. They have no other objections. Deviation from the Local Rules is appropriate because the Order contains a clear error, the error could lead to confusion, and Plaintiffs have no objections beyond Local Rule 7.3 itself.

The Order is revised so that the statement "Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) are the same for § 512(c)" is corrected to read "Under 17 U.S.C. § 512(b)(2)(E), the notification requirements for § 512(b) include the same requirements as § 512(c) and an additional requirement under § 512(b)(2)(E)(ii)."

## IV. Conclusion

For the foregoing reasons, Defendant's Motion is GRANTED and the Court's Order is revised accordingly.

So ordered this 4th day of November, 2021.

*/s/ Samuel. H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE