**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC. and DOES 1 - 200, inclusive, <br><br> Defendants. | Case No. 2:20-cv-02007-SHM-dkv |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR**
**DEFAULT JUDGMENT AGAINST NINETY-FOUR WEBSITE DEFENDANTS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.............................................................. 3

    I.   The Clerk of the Court Has Entered A Default Against The Website Defendants............. 3

    II.  Plaintiffs' Claim of Copyright Infringement Against the Website
        Defendants ..................................................................................................................... 4

LEGAL ARGUMENT......................................................................................................... 6

THE COURT SHOULD ENTER A DEFAULT JUDGMENT AGAINST THE WEBSITE
DEFENDANTS  SOLELY AS TO LIABILITY .......................................................... 6

    I.   Legal Standard Governing Default Judgments ................................................. 6

    II.  The Exercise of Personal Jurisdiction Over the Website Defendants Is
        Proper............................................................................................................... 7

       a.  Legal Standard............................................................................................... 7

       b.  The Website Defendants' Contacts With the Forum ...................................... 8

       c.  The Exercise of Personal Jurisdiction Over the Website Defendants is
          Constitutionally Permissible. ....................................................................... 10

    III. Plaintiffs Have Established A Prima Facie Case Of Liability Against
        the Website Defendants. ................................................................................. 12

    IV. Under Rule 54(b), It Is Proper To Enter Judgment As To Liability
        Against the Defaulting Website Defendants. ................................................... 14

CONCLUSION................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                               **Page(s)**

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*,
   503 F.3d 544 (6th Cir. 2007) ............................................................................ 7, 8

*Bird v. Parsons*,
   289 F.3d 865 (6th Cir. 2002) ............................................................................ 10

*Brackett v. Hilton Hotels Corp.*,
   619 F. Supp. 2d 810 (N.D. Cal. 2008) ............................................................ 11

*Brayton Purcell L.L.P. v. Recordon & Recordon*,
   606 F.3d 1124 (9th Cir. 2010) .......................................................................... 11

*Cadle Co. v. Schlichtmann*,
   123 F. App'x 675 (6th Cir. 2005) ..................................................................... 10

*Chanel, Inc. v. Huang Cong*,
   2011 U.S. Dist. LEXIS 141177 (W.D. Tenn. Dec. 8, 2011) .................................. 6, 8, 11, 12

*Chanel, Inc. v. Song Xu*,
   2011 U.S. Dist. LEXIS 173648 (W.D. Tenn. Mar. 15, 2011) ............................ 7, 9

*Corbis Corp. v. Starr*,
   2009 WL 290308 (N.D. Ohio Sept. 2, 2009) .................................................... 15

*Desire, L.L.C. v. Manna Textiles, Inc.*,
   986 F.3d 1253 (9th Cir. 2021) .......................................................................... 15

*Elsevier Inc. v. Memon*,
   97 F. Supp. 3d 21 (E.D.N.Y. 2015) .................................................................. 15

*Empire Petrol. Partners, L.L.C. v. Anas Bros. Oil, L.L.C.*,
   2013 WL 121249 (W.D. Tenn. Jan. 8, 2013) ................................................... 14

*Freeplay Music, L.L.C. v. Nian Infosolutions Priv. Ltd.*,
   2018 U.S. Dist. LEXIS 115659 (S.D.N.Y. July 10, 2018) .................................... 8

*Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*,
   933 F.3d 1302 (Fed. Cir. 2019) ......................................................................... 8

*Guardian Life Ins. Co. of Am. v. Miller*,
   2020 U.S. Dist. LEXIS 99802 (W.D. Tenn. May 8, 2020) .................................. 6

*Hames v. SunTrust Bank*,
   2019 U.S. Dist. LEXIS 152139 (W.D. Tenn. Sept. 6, 2019) ............................... 6

*Kinman v. Burnop*,

4873-2905-0885v3
2906954-000007 12/06/2021

2020 U.S. Dist. LEXIS 24461 (M.D. Tenn. Feb. 12, 2020) ................................................... 12

*Long Island Hous. Servs. v. Greenview Props.*,
2007 U.S. Dist. LEXIS 95976 (E.D.N.Y. Dec. 3, 2007) ....................................................... 15

*Malibu Media, L.L.C. v. Schelling*,
31 F. Supp. 3d 910 (E.D. Mich. 2014) ................................................................................. 12

*McKee v. Meltech, Inc.*,
2011 U.S. Dist. LEXIS 49612 (W.D. Tenn. May 9, 2011) ............................................ 11, 12

*MGM Resorts Int'l v. Unknown Registrant of www.imgmcasino.com*,
2015 U.S. Dist. LEXIS 128397 (D. Nev. July 8, 2015) ......................................................... 8

*Morel Acoustic, Ltd. v. Morel Acoustics USA*,
2005 U.S. Dist. LEXIS 32864 (S.D. Ohio Sept. 7, 2005) ..................................................... 11

*Mucerino v. Newman*,
2017 U.S. Dist. LEXIS 11594 (M.D. Tenn. Jan. 26, 2017) ................................................. 8-9

*Neogen Corp. v. Neo Gen Screening, Inc.*,
282 F.3d 883 (6th Cir. 2002) ......................................................................................... 10, 11

*Plixer Int'l v. Scrutinizer GmbH*,
905 F.3d 1 (1st Cir. 2018) ..................................................................................................... 8

*Revell v. Lidov*,
317 F.3d 467 (5th Cir. 2002) .............................................................................................. 10

*Vesligaj v. Peterson*,
331 F. App'x 351 (6th Cir. 2009) ........................................................................................ 14

## Statutes and Rules

17 U.S.C. § 101 ......................................................................................................................... 1

17 U.S.C. § 410 ....................................................................................................................... 13

17 U.S.C. § 501 ....................................................................................................................... 12

Fed. R. Civ. P. 4 .................................................................................................................... 3, 8

Fed. R. Civ. P. 54 ............................................................................................................... 14, 15

Fed. R. Civ. P. 55 .......................................................................................................... 1, 5, 6, 8

## Other

10 Moore's Federal Practice - Civil § 55.36 (2021)..................................................................... 15

Plaintiffs American Clothing Express, Inc., d/b/a Allure Bridals and Justin Alexander, Inc. ("Plaintiffs") file this motion pursuant to Fed. R. Civ. P. Rule 55(b)(2) for the entry of a default judgment as to all questions of liability against ninety-four (94) of the websites identified in Schedule A to the Complaint (the "Website Defendants" or the "Defaulting Websites").

## PRELIMINARY STATEMENT

Plaintiffs are wedding dress manufacturers who spend hundreds of thousands of dollars each year creating images of models wearing their dresses to be displayed on their websites. Counterfeiters have misappropriated the Plaintiffs' images and placed them on websites controlled by them for the purpose of selling knockoffs of the Plaintiffs' dresses. As delineated in Schedule A to the Complaint, Plaintiffs have filed suit against ninety-eight (98) of the infringing websites for direct copyright infringement under 17 U.S.C. §101 *et seq.* Plaintiffs also sued Cloudflare, Inc. ("Cloudflare") for contributing to the infringement.

In sum, the Plaintiffs transmitted 7,623 complaints to Cloudflare that these websites posted infringing images on 5,630 distinct "URLs." Despite Cloudflare forwarding each notice of infringement to the operator of each website, and to the entities that hosted the websites, the infringement has persisted. While each website appears as a distinct online storefront, discovery in this action has revealed that sixty-two (62) of the websites identified in Schedule A can be placed in one of four "clusters" of websites based upon their submission of overlapping email addresses to Cloudflare. Thus, similar to the game of "whac-a-mole,[1]" each time the wedding industry takes down any one infringing website, the operators of the websites create nearly identical websites on which to display the infringing images. The operators of the websites

---

[1] Whac-A-Mole is a popular arcade game in which players need to whack moles that randomly pop up in holes in the play area with increasing rapidity.

4873-2905-0885v3
2906954-000007 12/06/2021

undoubtedly are emboldened by their location in far-flung jurisdictions beyond the reach of the United States copyright laws.

As detailed herein, Plaintiffs have transmitted numerous copies of the complaint to each of the websites identified in schedule A to the Complaint, and even transmitted a copy of the complaint translated into Chinese to each of them as well. The Clerk of the Court so far has issued a Certificate of Default against ninety-four (94) of these websites (the "Website Defendants" or "Defaulting Defendants") due to their failure to appear or defend.

Plaintiffs request that the Court enter a default judgment against the Website Defendants on all questions of liability pertaining to Plaintiffs' First Claim for Relief for Direct Copyright Infringement. As set forth below, the entering of a default judgment is proper because, *inter alia*, the Plaintiffs have alleged a meritorious claim of copyright infringement against the Website Defendants.

Plaintiffs further request that this Court resolve all issues of liability against the Website Defendants presently and to stay its determination of damages as to the defaulting Website Defendants until the end of the case. This is necessary because the Complaint alleges that these Website Defendants are jointly and severally liable with the non-defaulting Defendant Cloudflare. Hence, this Court can avoid issuing inconsistent damages awards against Cloudflare and the Website Defendants by consolidating the inquest to determine the amount of damages owed by the Defaulting Defendants with the damages aspects of the trial against the non-defaulting defendant, Cloudflare. However, there is no just reason to delay the entering of a judgment as to the liability of the Website Defendants presently given their defaults and their ongoing wrongdoing. Moreover, the entering of judgment as to liability will facilitate the Plaintiffs' ability

2

to seek provisional remedies against the Website Defendants if these parties can be properly identified through ongoing discovery.

FACTUAL AND PROCEDURAL BACKGROUND

**I.      The Clerk of The Court Has Entered A Default Against The Website Defendants.**

On August 12, 2020, Plaintiffs transmitted to the Website Defendants in this matter a formal request to waive service of process, pursuant to Federal Rule of Civil Procedure 4(d) (RB ¶ 5).[2]  This request for waiver included a copy of the Complaint in this action and the corresponding exhibits. Plaintiffs used email addresses that each of the Website Defendants had disclosed to Cloudflare to enable Cloudflare's optimization of their respective websites.

On October 29, 2020, Plaintiffs filed their Motion for Leave to Serve Process by Substituted Service, requesting leave to serve the Website Defendants via email (DE 42).  On June 9, 2021, this Court granted Plaintiffs' motion and held that the notifications sent to the same email addresses provided to Cloudflare provided sufficient notice of the lawsuit to the Website Defendants (DE 52).

On July 15, 2021, Plaintiffs served the Complaint and relevant Summonses on ninety-three of the Website Defendants via email (RB ¶ 8). Due to a clerical error, Plaintiffs were required to request a new summons for the Website Defendant balklanningaronline.net. This new summons was issued on July 30, 2021 (RB ¶ 9). On August 5, 2021, Plaintiffs served the Complaint and newly issued summons balklanningaronline.net (RB ¶ 11). As a courtesy, Plaintiffs additionally

---

[2] "RB" refers to paragraphs in the Declaration filed by Russell Bogart in support of the motion for a default judgment.  This Declaration is filed under seal because Cloudflare has designated as "confidential" some of the information which is quoted in the declaration and which is contained in the exhibits attached thereto.

3

translated the Complaint into Chinese and served this copy on the ninety-three Website Defendants on August 20, 2021 and on balklanningaronline.net on September 24, 2021 (RB ¶ 14).

On September 29, 2021, the Clerk for the Western District of Tennessee issued a certificate of default against ninety-three of the Website Defendants (DE 62). On October 18, 2021, the Clerk for the Western District of Tennessee entered a default against balklanningaronline.net (DE 66).

## II. Plaintiffs' Claim of Copyright Infringement Against the Website Defendants.

Plaintiffs manufacture wedding and prom dresses and invest hundreds of thousands of dollars per year on photoshoots of models wearing their dresses (the "Plaintiffs' Images") and on the advertisement of the Plaintiffs' Images (CMP ¶ 37, 42). Plaintiffs' websites serve to display their entire catalog of product, as shown in the Plaintiffs' Images, and to refer brides to stores in their local markets, as Plaintiffs' wedding dresses are not available for sale online (CMP ¶ 41). The Plaintiffs' Images constitute an integral part of their brand identity (CMP ¶ 44).

The Infringing Website Defendants engaged in a copyright infringement and counterfeiting scheme to exploit Plaintiffs' Images to sell cheap imitations of Plaintiffs' gowns through the internet (CMP ¶ 46). As part of this scheme, the Website Defendants knowingly and willfully manufactured, imported, distributed, offered for sale, and sold grossly inferior "knock-offs" of the Plaintiffs' dresses which they represented to their customers as authentic (CMP ¶ 47). The Website Defendants prominently posted the Infringing Images on their homepages and/or in galleries of dresses available for sale (CMP ¶ 48).

The Website Defendants use their Infringing Images to offer knock-off dresses for sale to unwitting consumers throughout the United States, including within Tennessee (CMP ¶¶ 26, 47). For example, the website Alinagowns.com states that "Our website is based in the US, our tailors are located in Hong Kong…" (RB ¶ 23). The website Glamchase.com admitted on its website that

4

its "customers are largely from US." (RB ¶ 24).  None of the Defaulting Website Defendants have produced any discovery regarding their sales to U.S. customers.  Each of the Website Defendants advertised their acceptance of payment through Visa, Mastercard, Paypal, or Western Union and their delivery of dresses to the United States (RB ¶ 27).

In sum, this action concerns 5,630 distinct infringing URLS that Plaintiffs had reported 7,623 times to Cloudflare – the operator of a content delivery network utilized by each of the Website Defendants (CMP, Exhibit 3).  Cloudflare's policy was to transmit the notice of infringement to the operator of the allegedly infringing website plus to the entity hosting the website.  In Exhibit 5 to the Complaint (Parts 1 -25), Plaintiffs provided for each domain, a side-by-side display of each of the Plaintiffs' copyrighted images with the corresponding Infringing Image that had been reported to Cloudflare, along with the copyright registration, URL, and DMCA reporting information.

Based upon discovery obtained from Cloudflare, Plaintiffs have determined that sixty-two of the websites listed in Schedule A to the Complaint can be placed in one of four "clusters" of websites based upon their provision to Cloudflare of the same email addresses (RB ¶ 35). Specifically, Plaintiffs have identified: i) a cluster of thirty-five Infringing Websites – all of which shared a single email address provided by a Chinese internet service provider; ii) a cluster of eleven websites; iii) a cluster of six websites; and iv) a cluster of ten websites (RB ¶ 36).  In sum, four individuals, or groups of individuals, were responsible for the posting of thousands of infringing images on sixty-two websites while ignoring the thousands of complaints of infringement made by the Plaintiffs.

4873-2905-0885v3
2906954-000007 12/06/2021

**LEGAL ARGUMENT**

**THE COURT SHOULD ENTER A DEFAULT JUDGMENT AGAINST THE WEBSITE DEFENDANTS SOLELY AS TO LIABILITY.**

**I.      Legal Standard Governing Default Judgments.**

Fed. R. Civ. P. Rule 55(b) governs default judgments.  Pursuant to that rule, when a claim is for an uncertain sum, "the party must apply to the court for a default judgment." Fed. R. Civ. P. Rule 55 (b).  "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except for those relating to damages." *Chanel, Inc. v. Huang Cong*, 2011 U.S. Dist. LEXIS 141177 * (W.D. Tenn. Dec. 8, 2011) (Mays).  Even so, the Court "still must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to the cause of action for which the plaintiff seeks a default judgment." *West Stone Works Co. v. Wilson's Funeral Home*, 2021 U.S. Dist. LEXIS 106284* (W.D. Tenn. June 7, 2021); *Guardian Life Ins. Co. of Am. v. Miller*, 2020 U.S. Dist. LEXIS 99802, at *2 (W.D. Tenn. May 8, 2020) ("If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment and conduct an inquiry to determine damages and other relief").

Additionally, to obtain a default judgment, Plaintiffs must: 1) properly serve the defendant with process; 2) demonstrate that the defendant failed to properly respond; 3) submit an affidavit stating that the defendant is neither an infant nor an incompetent person; and (4) submit an affidavit stating whether the defendant is in military service. *Hames v. SunTrust Bank*, 2019 U.S. Dist. LEXIS 152139, at *5 (W.D. Tenn. Sep. 6, 2019).  Moreover, the court must determine it has personal jurisdiction over the defendant before entering a default judgment.  *Cong*, 2011 U.S. Dist. LEXIS 141177, *5.

Here, the Clerk has entered a default against the Website Defendants under Fed. R. Civ. P. Rule 55(a) due to their failure to appear in response to being properly served with the Complaint

6

(RB ¶¶ 17-18). Plaintiffs properly effectuated service of process consistent with this Court's Orders directing Plaintiffs to serve the Website Defendants via the email addresses that those websites had provided to Cloudflare (RB ¶¶ 8, 11, 13). Further, the Website Defendants are not infants, incompetents, or serving in the military (RB ¶ 19).

As set forth below, the entry of a default judgment is proper because the Court can exercise personal jurisdiction over the Website Defendants and because Plaintiffs' complaint sets forth a meritorious claim for copyright infringement.

## II. The Exercise of Personal Jurisdiction Over the Website Defendants Is Proper.

### a. Legal Standard.

Where, as is the case here, a court's subject matter jurisdiction "stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Chanel, Inc. v. Song Xu*, 2011 U.S. Dist. LEXIS 173648 (W.D. Tenn. March 15, 2011) (Mays). Because "the Tennessee long-arm statute has been interpreted as coterminous with the limits on personal jurisdiction imposed by the due process clause, federal courts in Tennessee may exercise personal jurisdiction if doing so is consistent with federal due process requirements." *Id*. *6-7.

"Personal jurisdiction over an out-of-state defendant arises from certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). The Sixth Circuit applies a three-part test to determine whether specific personal jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action

must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id*. at 550.

Additionally, because Plaintiffs' claims arise under federal law, this Court must alternately consider whether the Website Defendants are subject to personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2), which is commonly known as the federal long-arm statute. Rule 4(k)(2) "was implemented as a 'narrow extension' of federal jurisdiction to 'fill a gap' where federal law is at issue but a non-U.S. resident has insufficient contacts with any one state." *Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*, 2018 U.S. Dist. LEXIS 115659 at *27 (S.D.N.Y. July 10, 2018). Under Rule 4(k)(2), a federal district court may exercise personal jurisdiction where three elements are satisfied: "(1) the claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state, and (3) the exercise of jurisdiction is 'consistent with the United States Constitution and Laws.'" *Id*.; *Genetic Veterinary Scis., Inc. v. Laboklin GmbH & Co. KG*, 933 F.3d 1302, 1309 (Fed. Cir. 2019) (holding that the relevant forum for the contacts analysis under Rule 4(k)(2) is the United States, not the State court in which the district court sits); *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 6 (1st Cir. 2018) (Rule 4(k)(2) tests the adequacy of defendant's contacts "with the United States as a whole, rather than with a particular state").[3]

**b. The Website Defendants' Contacts With the Forum.**

---

[3] The Court does not need to consider the propriety of venue before entering a default judgment. *See Channel v. Huang Cong*, 2011 U.S. Dist. LEXIS 141177 *5 (W.D. Tenn. Dec. 8, 2011) (Mays). Nevertheless, venue is proper in the Western District of Tennessee because the Plaintiff Allure is headquartered here and because Cloudflare maintains data centers within this federal district.

8

On a motion for a default judgment, the court accepts as true the plaintiff's factual allegations set forth in the complaint supporting the existence of personal jurisdiction. *See*, *MGM Resorts Int'l v. Unknown Registrant of www.imgmcasino.com*, 2015 U.S. Dist. LEXIS 128397 * (D. Nev. July 8, 2015) (holding that jurisdiction allegations must be plausible but the court accepts the plaintiff's allegations "as true"); *Mucerino v. Newman*, 2017 U.S. Dist. LEXIS 11594 (M.D. Tenn. Jan. 26, 2017) (recognizing that the "defendants are deemed to have admitted all of the well pleaded allegations in the complaint" in the context of explaining its holding that the exercise of personal jurisdiction is proper); *Chanel, Inc. v. Song Xu*, 2011 U.S. Dist. LEXIS 173648 (W.D. Tenn. March 15, 2011) (Mays) (finding that the exercise of personal jurisdiction is proper because the well-pled allegations contained in the complaint, which were deemed to be admitted, established a factual basis for asserting such jurisdiction).

As alleged in the Complaint, this Court has "personal jurisdiction over the Infringing Website Defendants because they: i) conduct business throughout the United States, including within the State of Tennessee and this Judicial District, through the operation of fully interactive commercial websites and online marketplaces; and ii) each Infringing Website Defendant targets the United States, including the State of Tennessee, and has offered to sell, and, on information and belief, has sold and continues to sell products to consumers within the United States, including the State of Tennessee, by infringing the Plaintiffs' copyrights" (CMP ¶ 26).

Further, the Infringing Website Defendants have directed their activity towards the State of Tennessee by stealing thousands of copyrighted images belonging to Allure Bridals, a Tennessee company, with the intent to injure Allure Bridals through the persistent infringement and use of its images in disregard of the thousands of notices of infringement sent to the Website Defendants.

4873-2905-0885v3
2906954-000007 12/06/2021

Due to the Website Defendants' default, Plaintiffs have not been able to obtain any discovery from them regarding their total amount of sales to customers within the State of Tennessee or within the United States. However, the layout and content of these websites – which are remarkably similar to each other – establishes that the operators of these websites are fraudulently offering to sell authentic versions of the dresses depicted in the Infringing Images to consumers in the United States. The websites all display galleries of images of models wearing wedding dresses with indications that the dresses depicted in the photographs are for sale at grossly discounted prices. The websites advertise their ability to engage in commerce with American consumers by representing that payment can be made through Visa, MasterCard, or Western Union, and that the dresses will be delivered by American companies such as FedEx and DHL (RB ¶ 27). Some websites even claim that: i) "our website is based in the US," ii) its "customers are largely from US," iii) it sells hundreds of dresses to clients "form [sic.] US," or iv) that it is "operating throughout the United States." (RB ¶¶ 23-26).

### c. The Exercise of Personal Jurisdiction Over the Website Defendants is Constitutionally Permissible.

The exercise of personal jurisdiction over the Website Defendants is proper because: 1) they purposefully availed themselves of the forum through their operation of interactive websites designed to transmit the Infringing Images to consumers in the forum; ii) Plaintiffs' federal copyright claims arise out of those contacts; and iii) it is reasonable to exercise jurisdiction over the defendants. With respect to the four clusters of websites, this Court should consider whether the contacts of the websites forming each cluster, in the aggregate, provide a basis for exercising jurisdiction over the operator(s) of that cluster of websites.

In the context of a trademark infringement case, this Court held that:

4873-2905-0885v3
2906954-000007 12/06/2021

Operating a website constitutes personal availment "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Bird*, 289 F.3d at 874 (quoting *Neogen Corp. v. Neo Gen Screening*, Inc., 282 F.3d 883, 890 (6th Cir. 2002)) (internal quotation marks omitted). To determine whether a defendant's website constitutes personal availment, courts use a sliding scale approach. *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 678 (6th Cir. 2005) (citing *Neogen*, 282 F.3d at 890; *Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002)). This sliding scale "distinguishes between interactive websites, where the defendant establishes repeated online contacts with residents of the forum state, and websites that are passive, where the defendant merely posts information on the site." *Id.* "Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction." *Id.* (citing *Neogen*, 282 F.3d at 889-91). Where, through a website, a defendant sells products and services to customers in the forum state, the defendant has purposefully availed itself of the privilege of acting in the forum state, even if the customers initiate the sales by placing orders through the website. *See, e.g., Neogen*, 282 F.3d at 892 (holding that a defendant's shipping products to and accepting payment from forum state customers constituted personal availment); *Morel Acoustic, Ltd. v. Morel Acoustics USA, Inc.*, No. 3-:04-CV-348, 2005 U.S. Dist. LEXIS 32864, at *19-20 (S.D. Ohio Sept. 7, 2005) (concluding that, where a defendant's website "provide[d] specifications and prices, invite[d] orders, provide[d] order forms for downloading and provide[d] an e-mail link for placing orders," the defendant had purposefully availed itself of the forum state).

*Chanel, Inc. v. Huang Cong* , No. 10-2086, 2011 U.S. Dist. LEXIS 141177, at *11-12 (W.D. Tenn. Dec. 8, 2011).

Additionally, in deciding whether website operators purposefully directed their activity towards the forum, courts have considered whether the defendants' intentional infringement foreseeably harmed the copyright holder in the forum because of the copyright holder's location within the forum. *See, e.g.*, *Brackett v. Hilton Hotels Corp.*, 619 F.Supp.2d 810, 818 (N.D. Cal. 2008) (emphasizing that "[t]he goal of the effects test is to establish jurisdiction where the effects of a defendant's contacts are felt in the forum"); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F. 3d 1124, 1128 (9th Cir. 2010) ("It was foreseeable that [plaintiff] would be harmed by infringement of its copyright . . .in the [f]orum where [plaintiff] was known to reside.").

4873-2905-0885v3
2906954-000007 12/06/2021

Here, the Website Defendants maintain highly "interactive websites" designed to sell counterfeit products to residents of Tennessee and throughout the United States. *McKee v. Meltech, Inc.*, 2011 U.S. Dist. LEXIS 49612 *10 (W.D. Tenn. May 9, 2011) (Mays) (explaining the 6th Circuit's adoption of a sliding scale approach in which interactive websites involving repeated online contacts with residents of the forum confers jurisdiction). Moreover, the operators of the cluster of websites - by virtue of their receipt of hundreds if not thousands of notifications of infringement - were highly cognizant of the harm being inflicted upon the Plaintiffs in their home forums.[4]

Given the Plaintiffs' demonstration of the first two requirements for specific personal jurisdiction (purposeful availment and the claim arising out of the defendants' forum related contacts), the burden shifts to the defaulting Website Defendants to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*. at *13. Accordingly, the exercise of specific personal jurisdiction over the Website Defendants comports with federal due process requirements.

## III.    Plaintiffs Have Established A Prima Facie Case Of Liability Against the Website Defendants.

The entry of default against the Website Defendants "conclusively establishes every factual predicate of" Plaintiffs' claim for copyright infringement. *Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014); *Cong*, 2011 U.S. Dist. LEXIS 141177 *15-16 ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded

---

[4]  Upon information and belief, Plaintiffs believe that all of the images displayed in the galleries of images of wedding dresses for sale at grossly discounted prices were stolen from the Plaintiffs or other wedding dress manufacturers (also mostly based in the United States). Of course, due to the Website Defendants' default, Plaintiffs have not been able to engage in any discovery regarding this conduct.

4873-2905-0885v3
2906954-000007 12/06/2021

allegations in the complaint, except for those relating to damages"). Here, Plaintiffs have sufficiently pleaded all of the elements of their claim for direct copyright infringement against the Website Defendants. Accordingly, "default judgment as to liability is appropriate." *Kinman v. Burnop*, No. 3:18-cv-00809, 2020 U.S. Dist. LEXIS 24461, at *6 (M.D. Tenn. Feb. 12, 2020).

Section 501(a) of Title 17 of the United States Code provides, in part, that "[a]nyone who violates…the exclusive rights of the copyright owner…is an infringer of the copyright." To state a claim for copyright infringement, Plaintiffs must demonstrate: "1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original." *Kinman*, 2020 LEXIS 24461, at *6. The registration of a copyright creates a prima facie presumption of validity of a copyright. *See* 17 U.S.C. §410 (c); *Kinman*, 2020 LEXIS 24461, at *6 (holding that the first prong of this test is presumptively established by Plaintiffs' copyright registrations).

Plaintiffs have shown they are the exclusive owners of the original, copyrighted materials that Defendants are infringing and have complied with all statutory formalities and requirements in obtaining copyright Certificates. *See* CMP ¶¶ 17-18, 119 and Exhibits 1-2 attached thereto. Plaintiffs extensively use the copyrighted photographs in connection with the marketing of their products on their websites. Plaintiffs have not authorized the Website Defendants to reproduce or otherwise display these images in any form whatsoever. *Id* at ¶¶ 46-51.

The Website Defendants are liable to Plaintiffs for copyright infringement as a result of their stealing Plaintiffs' original photographs protected by copyright and republishing them on the infringing websites. *Id*. The composition of the Plaintiffs' original images juxtaposed with the stolen images appearing on the Defendants' infringing websites (as set forth in Exhibit 5 to the Complaint) plainly establishes that Plaintiffs possess valid claims of copyright infringement

4873-2905-0885v3
2906954-000007 12/06/2021

against the Website Defendants. In fact, all of the infringing images are exact copies, or near exact copies, of Plaintiffs' copyrighted images.

Plaintiffs' undisputed allegations establish that the Defaulting Websites committed copyright infringement. *Kinman*, 2020 LEXIS 24461, at *6 (finding plaintiffs' unrebutted allegations to be sufficient to show the defendant's liability for the entering of a default judgment on a copyright infringement claim).

## IV. Under Rule 54(b), It Is Proper To Enter Judgment As To Liability Against the Defaulting Website Defendants.

The entry of default against the Website Defendants does not resolve the question of damages. *See Vesligaj v. Peterson*, 331 Fed. Appx. 351, 355 (6th Cir. 2009) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true"). Instead, the Court has to "conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." *Id.* Federal Rule of Civil Procedure 55(b)(2) allows a court to conduct a hearing to determine the amount of damages, but the court can enter judgment against the defendants without a hearing if the damages requested by Plaintiff are capable of computation from the factual record. *See, e.g., Empire Petroleum Partners, LLC v. Anas Bros. Oil, LLC*, 2013 WL 121249, *at 2 (W.D. Tenn. Jan. 8, 2013).

Nevertheless, the Court should enter judgment solely as to liability as to the Website Defendants, and to defer the question of damages until the damages trial against the non-defaulting Defendant, Cloudflare. Fed. R. Civ. P. Rule 54(b), titled "Judgment on Multiple Claims or Involving Multiple Parties" states:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that

14

adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or the parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Here, if the Court awards damages to Plaintiffs against the Website Defendants now, there is a risk of inconsistent damages awards because the Website Defendants are jointly and severally liable with Cloudflare, who has not defaulted in the case.[5] "To avoid this problem, rather than proceed to a final judgment against the defaulting defendants under Rule 54(b), the court should postpone the damages hearing for the defaulting defendants until the liability of the other defendants has been resolved."  10 *Moore's Federal Practice - Civil* § 55.36 (2021); *Elsevier Inc v. Memon*, 97 F.Supp.3d 21, 39 (E.D.N.Y. 2015) ("Where there are multiple defendants who may be held jointly and severally liable and some but not all defendants have defaulted, the courts consistently have held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party"); *Long Island Hous. Servs. v. Greenview Props., Inc.*, 2007 U.S. Dist. LEXIS 95976 (E.D.N.Y. Jan. 11, 2008) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved").

There is "no just reason" to delay the entering of judgment as to liability against the Website Defendants.  Plaintiffs are confronted with a "Wac-a-mole" problem arising from the

---

[5] When two or more parties contribute to the infringement on a copyright, they are jointly and severally liable.  *Corbis Corp. v. Starr*, 2009 WL 290308, at *4 (N.D. Ohio Sept. 2, 2009).  In *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253 (9th Cir. 2021), a split panel of the Ninth Circuit Court of Appeals held that the Copyright Act precluded multiple awards of statutory damages when there was only one work infringed by a group of defendants with partial joint and several liability.

4873-2905-0885v3
2906954-000007 12/06/2021

Website Defendants' operation of multiple websites, which are often created in succession to enable the Website Defendants to post their infringing images at a new IP address after the wedding industry takes down an earlier created website. The entering of judgment as to liability will assist the Plaintiffs in obtaining information from other internet service providers which identifies the operators of these infringing websites, and to potentially seek provisional remedies if the Website Operators are ultimately identified by the Plaintiffs.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that the Court enter a default judgment against the Website Defendants as to questions of liability.

DATED:  December 6, 2021

Respectfully submitted,

s/ Nicole D. Berkowitz
Grady M. Garrison (TN #8097)
Nicole D. Berkowitz (TN #35046)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:  (901) 526-2000
Facsimile:  (901) 577-2303
Email:  ggarrison@bakerdonelson.com
Email:  nberkowitz@bakerdonelson.com

Russell Bogart (NY #2856078)
Stuart Kagen (NY #SK6496)
(Admitted *Pro Hac Vice*)
**KAGEN, CASPERSEN & BOGART, PLLC**
757 Third Avenue, 20th Floor
New York, NY 10017
Telephone:  (212) 880-2045

16

Facsimile:  (646) 304-7879
Email:  rbogart@kcbfirm.com
Email:  skagen@kcbfirm.com


*Attorneys for Plaintiffs-Counterdefendants*
*American Clothing Express, Inc. d/b/a Allure*
*Bridals and Justin Alexander, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2021, a true and correct copy of the foregoing was filed via the Court's CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

s/ Nicole D. Berkowitz
Nicole D. Berkowitz

4873-2905-0885v3
2906954-000007 12/06/2021