```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC. D/B/A/ ALLURE BRIDALS AND JUSTIN ALEXANDER, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC. and DOES 1 – 200, inclusive,<br><br>    Defendants. | No. 2:20-cv-2007 |

**ORDER GRANTING DEFAULT JUDGMENT**

This is a copyright infringement case. Before the Court is Plaintiffs American Clothing Express, Inc. d/b/a/ Allure Bridals and Justin Alexander, Inc.'s ("Plaintiffs") Motion for Default Judgment against 94 Website Defendants identified in the Complaint. (ECF No. 74.) Defendant Cloudflare, Inc. opposes the Motion. (ECF No. 81.) For the following reasons, the Motion is GRANTED.

**I.    Background[1]**

Plaintiffs make wedding dresses. They photograph models wearing their dresses and display the photos on their websites.

---

[1] The background facts come from the Complaint (ECF No. 1) and are deemed admitted given the 94 Website Defendants' default. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995).

The 94 Website Defendants display identical or very similar copies of Plaintiffs' images on their websites and sell knockoffs of the photographed wedding dresses. The dresses the Defendants sell are of inferior quality compared to the Plaintiffs' dresses. Cloudflare provides content delivery network ("CDN"), domain name systems ("DNS"), and related security services for the infringing websites.

On January 6, 2020, Plaintiffs sued 98 Website Defendants and Cloudflare. Plaintiffs allege direct copyright infringement against the websites and contributory copyright infringement against Cloudflare. Plaintiffs requested entry of default against 93 Website Defendants on September 17, 2021. (ECF No. 61.) The Clerk of Court entered default against the 93 Defendants on September 29, 2021. (ECF No. 62.) On October 14, 2021, Plaintiffs requested entry of default against Defendant balklanningaronline.net, and the Court Clerk entered default on October 18, 2021. (ECF Nos. 63, 66.) Plaintiffs moved for default judgment against the 94 Website Defendants on December 6, 2021. (ECF Nos. 74, 75.) In their Motion, Plaintiffs seek default judgment only as to liability of the 94 Website Defendants, and to delay any determination of damages until the end of the case. Cloudflare responded opposing the Motion on December 20, 2021. (ECF No. 81.) Plaintiffs replied on December 29, 2021. (ECF No. 84.)

2

## II. Jurisdiction

A court must have personal jurisdiction and subject matter jurisdiction to grant default judgment. See Days Inns Worldwide, Inc. v. Patel, 445 F.3d 889, 903 (6th Cir. 2006) ("The validity of a court order depends on the court having jurisdiction over the subject matter and the parties.").

### A. Subject Matter Jurisdiction

Under 28 U.S.C. § 133, district courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs' claims of copyright infringement arise under 17 U.S.C. §§ 101, et seq. The Court has federal question jurisdiction.

### B. Personal Jurisdiction

When a court has federal question jurisdiction, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." (Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp., 692 F.3d 469, 470 (6th Cir. 2012) (quoting Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002)). "Tennessee's long-arm statute has been interpreted to be 'coterminous with the limits on personal jurisdiction imposed' by the Due Process Clause of the United States Constitution, and thus, 'the

3

jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005) (quoting Payne v. Motorists' Mut. Ins. Cos., 4 F.3d 452, 455 (6th Cir. 1993)).

Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). Personal jurisdiction may be specific or general, depending on the type of minimum contacts maintained by the out-of-state defendant. Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007) (citing Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1116 (6th Cir. 1994)). The Sixth Circuit applies a three-part test to determine whether there is specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Id. at 550.

4

### 1. Purposeful Availment

To satisfy the first requirement of specific personal jurisdiction, the defendant "must have purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state." Air Prods., 503 F.3d at 550 (internal quotations omitted). Where a defendant's contacts with the forum state result from actions undertaken by the defendant itself, the defendant has purposefully availed itself of the privilege of acting in the state. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). Physical presence in the forum state is not required, but a defendant's connection to the forum state must be "substantial," rather than a result of "random," "fortuitous," or "attenuated" circumstances. Id.

Operating a website constitutes personal availment "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." Bird, 289 F.3d at 874. The 94 Website Defendants have "fully interactive commercial websites and online marketplaces" that target Tennessee and have sold and continue to sell products to consumers in Tennessee. (ECF No. 1.) The 94 Website Defendants have purposefully availed themselves by targeting Tennessee and its residents through Defendants' interactive websites.

### 2. Arising From

The Plaintiffs' claims must also "arise from" the 94 Website Defendants' contacts with the forum state, Air Prods., 503 F.3d at 553, meaning that the cause of action must have a substantial connection with the Defendants' in-state activities. Bird, 289 F.3d at 875. The Complaint alleges that Defendants committed copyright infringement by copying and displaying on their websites Plaintiffs' wedding dress images. (ECF No. 1.) Defendants' contacts with the forum state are their interactive websites targeted at Tennessee. There is a substantial connection between Plaintiffs' claims and Defendants' contacts with Tennessee. The claims arise from Defendants' contacts.

### 3. Reasonableness

The Defendants' acts or consequences must have a substantial enough connection with Tennessee to make the exercise of jurisdiction over Defendants reasonable. Air Prods., 503 F.3d at 554. If the first two requirements for specific personal jurisdiction are met, courts can infer that the third requirement is satisfied. Bird, 289 F.3d at 875. If "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Air Prods., 503 F.3d at 554.

The first two requirements are met, and there is an inference that the Court may reasonably exercise jurisdiction. The 94 Website Defendants have defaulted and have not shown why jurisdiction is unreasonable. Exercising jurisdiction is reasonable.

The Court's exercise of personal jurisdiction over the 94 Website Defendants comports with due process and Tennessee law. The Court has jurisdiction.

**III. Standard of Review**

Federal Rule of Civil Procedure 55(b) governs default judgments. See Fed. R. Civ. P. 55(b). Once the Clerk of Court has entered a default, all well-pleaded allegations are deemed admitted, except those concerning damages. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995). Whether to enter a default judgment is a matter of "sound judicial discretion." 10A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2685 (4th ed.). When an action presents more than one claim for relief, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).

Plaintiffs seeking default judgment must also satisfy several procedural requirements. They must: (1) properly serve

the defendant with process; (2) demonstrate that the opposing party has failed to answer or otherwise respond to the complaint; (3) submit an affidavit stating that the defendant is not an infant or an incompetent person; and (4) submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service. Hames v. SunTrust Bank, 2019 WL 4248892, at *3 (W.D. Tenn. Sept. 6, 2019).

**IV. Analysis**

**A. Procedural Elements**

Plaintiffs have served the 94 Website Defendants with process, demonstrated that Defendants have failed to respond to the Complaint, and submitted an affidavit stating that Defendants are not infants, incompetents, or in military service. (ECF No. 79.) Plaintiffs have satisfied the procedural elements.

**B. Plaintiffs' Claim for Direct Copyright Infringement**

Under 17 U.S.C. § 501, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright." Id. Section 106 grants economic rights to owners of copyright, including the right to reproduce and display the work. Id. § 106. To establish a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." Bridgeport Music, Inc.

8

v. WM Music Corp., 508 F.3d 394, 398 (6th Cir. 2007).  The first prong tests the originality and non-functionality of the work. Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 534 (6th Cir. 2004).  The second prong tests "whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright protection (a legal matter)."  Id.

Taking the allegations in the Complaint as true, Plaintiffs have established a claim of copyright infringement.  First, the Plaintiffs own copyrightable material in their images.  The photos possess original elements and have at least a "minimal degree of creativity."  See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc. 499 U.S. 340, 345 (1991).  Plaintiffs are the exclusive owners of the photographs at issue.  They have registered the copyrighted works with the United States Copyright Office and received federal copyright certificates.  (ECF Nos. 1-1, 1-2.); see 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").  Plaintiffs have established that they own valid copyrights in the works.

Plaintiffs allege that the 94 Website Defendants display on their websites either identical copies or slightly modified

9

copies of the copyrighted works.  Plaintiffs contend that the modified works are strikingly similar or substantially similar to their copyrighted images.  Defendants were not authorized to reproduce those images.  Plaintiffs' allegations are prima facie evidence that the 94 Website Defendants violated Plaintiffs' exclusive right to reproduce and display their copyrighted works.  See 17 U.S.C. § 106(1), (5).  Plaintiffs have established a claim for copyright infringement based on the well-pleaded facts in the Complaint.

C. **Frow and the Risk of Inconsistent Results**

Cloudflare argues that default judgment against the 94 Website Defendants would be improper because Frow v. De La Vega, 82 U.S. 552 (1872) prohibits granting default judgment where there is a risk of inconsistent judgments.  In Frow, the plaintiff alleged a conspiracy by twelve defendants to defraud him.  Id. at 554.  One of the named defendants did not answer the complaint, and the district court entered default judgment against him.  Id.  The other defendants successfully defended the suit.  Id.  The Supreme Court held that a default judgment against one defendant that is inconsistent with the judgment on the merits against the other defendants is "unseemly and absurd, as well as unauthorized by law."  Id.

Frow's meaning is contested.  Some Circuits apply Frow only when liability among defendants is truly joint.  See Carter v.

10

District of Columbia, 795 F.2d 116, 137 (D.C. Cir. 1986) (Frow only appropriate where theory of recovery requires all defendants to be found liable if any one of them is to be liable); In re Uranium Antitrust Litig., 617 F.2d 1248, 1257 (7th Cir. 1980) ("To the extent that it holds that there cannot be inconsistent adjudications as to joint liability . . . [Frow] remains good law.  But to apply Frow to a claim of joint and several liability is to apply that venerable case to a context for which it was never intended[.]").  The Sixth Circuit adopted this approach in Kimberly v. Coastline Coal Corp., 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988)  ("The Frow rule is a narrow one, however, and applies in general when the liability of the defendants is joint.") (unreported table decision).

Other courts have extended Frow where "defendants have closely related defenses or are otherwise similarly situated." Shanghai Automation Instrument Co., Ltd. V. Kuei, 194 F.Supp.2d 995, 1006-07 (N.D. Cal. 2001);  see  First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001);  Gulf Coast Fans v. Midwest Elec. Imp., 740 F.2d 1499, 1512 (11th Cir. 1984).  The Second Circuit has questioned the continued significance of Frow after the adoption of Rule 54(b).  International Controls Corp v. Vesco, 535 F.2d 742, 746 fn. 4 (2d Cir. 1976) ("We think it is most unlikely that Frow retains any force subsequent to the adoption of Rule 54(b).").  Leading treatises are split on Frow's

11

meaning. Compare Wright et al. § 2690 ("Although the rule developed in the Frow case applies when the liability is joint and several, it probably can be extended to situations in which joint liability is not at issue but several defendants have closely related defenses"), with 10 Daniel R. Coquillette et al., Moore's Fed. Prac. Civ. § 55.36 (2021) (stating Frow only applies in circumstances of true joint liability or where relief, in order to be effective, must be granted against every defendant).

Applying the narrow interpretation of Frow adopted by the Sixth Circuit, default judgment is appropriate. The Website Defendants are individually liable to the extent that they directly infringed Plaintiffs' copyrighted images. See Spring Solutions, Inc. v. Lafayette, 2016 WL 11529980, at *1 (W.D. Tenn. Apr. 13, 2016) ("Frow does not apply when defendants commit individual torts without the aid of others.") (citing In re Uranium, 617 F.2d at 1257). Cloudflare can only be held liable under a theory of contributory liability, which "is predicated on 'the common law doctrine that one who knowingly participates or furthers a tortious act is jointly and severally liable with the prime tortfeasor.'" NCR Corp. v. Korala Associates, Ltd., 512 F.3d 807, 816 (6th Cir. 2008) (quoting Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir.

12

1971)).  Joint and several liability is not a theory of true joint liability under the narrow interpretation.

Other factors support default judgment.  Plaintiffs seek default judgment against the 94 Website Defendants only as to liability.  Plaintiffs argue that this approach is necessary to "engage in the broader type of discovery afforded to judgment creditors under Fed. Civ. P. Rule 69 to fully identify the operators of these infringing websites, and to locate and attach their assets pending the issuance of a final damages award." (ECF No. 84.)  Plaintiffs contend that other potential remedies, like a preliminary injunction, are inadequate.  Cloudflare worries that any default judgment against the 94 Website Defendants will prevent it from defending itself against Plaintiffs' contributory infringement claim.

There is no just reason for delay in granting default judgment.  The judgment will apply only to the question of liability for the defaulting 94 Website Defendants, does not reach the question of damages, and does not have any preclusive effect as to liability of the non-defaulting Defendants.  To succeed on their claim against Cloudflare, Plaintiffs must still prove every element of contributory infringement, and Cloudflare may raise any defense on the distinct claim against it, notwithstanding the judgment against the defaulting Defendants.

13

**V.   Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is GRANTED as to liability against the 94 Website Defendants.  This Order has no preclusive effect on the ongoing case against the non-defaulting Defendants.

SO ORDERED this 27th day of January, 2022.

 /s/ Samuel H. Mays, Jr.  
SAMUEL H. MAYS, JR.  
UNITED STATES DISTRICT JUDGE
