**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

AMERICAN CLOTHING EXPRESS, INC.,
D/B/A ALLURE BRIDALS AND JUSTIN
ALEXANDER, INC.,

      Plaintiffs,

v.

CLOUDFLARE, INC. and DOES 1 - 200,
inclusive,

      Defendants.

Case No. 2:20-cv-02007-SHM-dkv

**JOINT DISCOVERY PLAN
PURSUANT TO FED. R. CIV. P.
26(F)(3)**

Plaintiffs American Clothing Express, Inc. d/b/a Allure Bridals and Justin Alexander, Inc., and Defendant Cloudflare, Inc. jointly submit this Discovery Plan, pursuant to Fed. R. Civ. P. 26(f)(3) and the Court's Order of March 14, 2022 (Dkt. 92).

**(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The parties are exchanging initial disclosures under Fed. R. Civ. P. 26(a) today (April 11, 2022).

**(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Plaintiffs intend to take discovery from the Defendant Cloudflare concerning: i) Cloudflare's policies for responding to reports of infringement filed through its web portal and by email; ii) Cloudflare's alleged forwarding of complaints of infringement to the internet service providers hosting the websites accused of engaging in infringement; iii) any actions taken by Cloudflare in response to complaints of infringements filed on behalf of Plaintiffs; iv) any actions taken by Cloudflare in response to complaints of infringement filed on behalf of others with respect to the same infringing websites reported by Plaintiffs; v) any actions taken by Cloudflare with respect to other websites controlled by the same persons who control the websites reported by Plaintiffs; vi) all services provided by Cloudflare to the websites at issue; vii) Cloudflare's Always On-Line feature; viii) the operation of Cloudflare's content delivery network; and ix) Cloudflare's own reports, case studies, blogs and white papers regarding how its content delivery network improves the speed, reliability and consistency of websites.

With respect to the defaulted Website Defendants, Plaintiffs intend to seek discovery regarding the operators of these infringing websites from, among others, Cloudflare, third-party Internet Service Providers that hosted these websites, payment processors and internet registrars.

At this time, Defendant Cloudflare intends to take discovery concerning the asserted works, including Plaintiffs' chain of title, copyright registrations, and ownership assertions as to the asserted works; Plaintiffs' publication and use of the asserted works; Plaintiffs' revenues attributable to the asserted works; Plaintiffs' financial records, including statements of profits and loss, and evidence of alleged harm to Plaintiffs from the alleged infringement; communications with or concerning the website defendants; communications with or concerning any provider of services to the website defendants; the alleged infringement by the website defendants, and Plaintiffs' attempts to stop alleged infringement or lessen the effects attributed to alleged infringement.

The parties reserve the right to object to the propriety or scope of any of these identified topics.

The parties propose that the Court designate this case as "complex," and allocate fifteen months for fact discovery, with a further three months for expert discovery.

**(C)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

None at this time.

**(D)     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

None at this time.

**(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

Plaintiffs do not anticipate taking more than ten depositions of Defendant Cloudflare, but Plaintiffs may require more than ten depositions (total) inclusive of non-parties believed to have provided services to, or controlled and operated, the website defendants.

**(F)    Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

None at this time.

Two motions are presently pending before the Court.  Both of these motions were filed under seal.

On October 18, 2021, Plaintiffs filed a motion (D.E. 67) under seal seeking an order deeming service of process to be effective upon a website operator who had admittedly received an electronic copy of the Complaint, and then terminated her email account in an apparent effort to frustrate further electronic service of the complaint pursuant to this Court's order.

On December 17, 2021, Plaintiffs filed an *ex parte* motion for a temporary restraining order relating to a website that has infringed Allure Bridals' images for about eight years despite having been sued several times.  On January 26, 2022, this Court granted a default judgment against 94 of the websites, including the website that is the subject of the pending TRO.  Hence, this motion can be converted to a motion for a temporary restraining order and final equitable relief against this website.

Dated:  April 11, 2022                          Respectfully submitted,


                                                By: */s/ Jedediah Wakefield*

                                                        Jedediah Wakefield
                                                        (Cal. State Bar: 178058)
                                                        (Admitted to U.S.D.C., W.D. Tenn.)
                                                        Andrew P. Bridges
                                                        (Cal. State Bar: 122761)
                                                        (Admitted to U.S.D.C., W.D. Tenn.)
                                                        Matthew B. Becker
                                                        (Cal. State Bar: 291865)
                                                        (*Pro Hac Vice*)
                                                        Fenwick & West LLP
                                                        555 California Street
                                                        San Francisco, CA  94104
                                                        Telephone:  415.875.2300
                                                        jwakefield@fenwick.com
                                                        mbecker@fenwick.com

                                                        Robb S. Harvey
                                                        (Tenn. State Bar: 011519)
                                                        Waller Lansden Dortch & Davis LLP
                                                        511 Union Street, Suite 2700
                                                        Nashville, TN  37219
                                                        Telephone:  615.850.8859
                                                        robb.harvey@wallerlaw.com

                                                        Attorneys for Defendant Cloudflare, Inc.

By: /s/ Russell Bogart

Russell Bogart
(N.Y. State Bar: 2856078)
(*Pro Hac Vice*)
Stuart Kagen
(N.Y. State Bar: SK6496)
(*Pro Hac Vice*)
Kagen & Caspersen & Bogart PLLC
757 Third Avenue, 20th Floor
New York, NY 10017
Telephone: 212-880-2045
rbogart@kcbfirm.com
skagen@kagencaspersen.com

Nicole D. Berkowitz
(Tenn. State Bar: 35046)
Grady M. Garrison
(Tenn. State Bar: 8097)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: 901-526-2000
nberkowitz@bakerdonelson.com
ggarrison@bakerdonelson.com

Attorneys for Plaintiffs American Clothing Express, Inc. d/b/a Allure Bridals and Justin Alexander, Inc.

ATTESTATION

I hereby attest that the concurrence in the filing of this document has been obtained from the signatory indicated by a "conformed" signature (*/s/*) within this e-filed document.

By:  /s/ Jedediah Wakefield
    Jedediah Wakefield

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 11, 2022, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to

all counsel of record.

                           */s/ Jedediah Wakefield*
                           Jedediah Wakefield