```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| AMERICAN CLOTHING EXPRESS, INC., D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:20-cv-02007-SHM-dkv |
| CLOUDFLARE, INC, and DOES 1-200, inclusive, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RECONSIDER

Before the Court is Plaintiff American Clothing Express, Inc., D/B/A Allure Bridals' ("Allure") Motion for Reconsideration. (ECF No. 102.) The Motion is unopposed. For the following reasons, the Motion is GRANTED in part and DENIED in part.

### I.   Background

On January 6, 2020, Allure and co-plaintiff Justin Alexander sued Defendant Sofiehouse.co ("Sofiehouse") and 97 other websites for copyright infringement. (ECF No. 1.) On September 29, 2021, the Clerk of Court entered default against Sofiehouse and 92 other Defendants. (ECF No. 62.) On October 18, 2021, the Clerk of Court entered default against Defendant

balklanningaroline.net.  (ECF No. 66.)  On December 6, 2021, Plaintiffs filed a Motion for Default Judgment only as to liability against the 94 Defendants.  (ECF No. 74.)  Allure filed a Motion for a Temporary Restraining Order ("TRO") against Sofiehouse on December 17, 2021.  (ECF No. 80.)  On January 26, 2022, the Court granted the Motion for Default Judgment as to liability against the 94 Defendants, including Sofiehouse.  (ECF No. 87.)  On May 13, 2022, the Court denied Allure's Motion for Temporary Restraining Order against Sofiehouse as moot.  (ECF No. 101.)  Allure filed its Motion for Reconsideration on May 24, 2022.  (ECF No. 102.)

**II.  Standard of Review**

A motion for reconsideration of an interlocutory order may be granted if it complies with the requirements of Federal Rule of Civil Procedure 54(b) and with Western District of Tennessee Local Rule 7.3.[1]  Rule 54(b) states:

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of final judgment adjudicating all

---

[1] Allure brings its Motion under Rule 59(e) because the Court described the Default Judgment Order as a final judgment.  Rule 59(e) allows reconsideration of final judgments.  Rule 54(b) allows review of interlocutory orders.  See Adkisson v. Jacobs Engineering Group, Inc., 36 F.4th 686, 694 (6th Cir. 2022) (explaining Rule 59(e) is only applicable where final judgment has been rendered, and motions for reconsideration of interlocutory orders are brought under Rule 54(b)).  As discussed below, the Court concludes that the Default Judgment Order was not a final judgment and construes Allure's Motion as one under Rule 54(b).

>the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Sixth Circuit recognizes that Rule 54(b) gives district courts authority to consider motions for reconsideration. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). In the Sixth Circuit, reconsideration is warranted if "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice[.]" Hodgkins v. Fudge, 850 F. App'x 423, 428 (6th Cir. 2021) (quoting Rodriguez, 89 F. App'x at 959). Courts in this District rely on Local Rule 7.3 for further guidance. See, e.g., Camillo v. Campbell Clinic, P.C., 2021 WL 1233516, at *2 (W.D. Tenn. Apr. 1, 2021); A&D Devoted Logistics, LLC v. TruNorth Warranty Plans of N. Am., LLC, 2021 WL 4901558, at *2-3 (W.D. Tenn. Oct. 20, 2021); Williams v. Shelby Cty. Bd. of Edu., 2020 WL 3816234, at *3 (W.D. Tenn. July 7, 2020).

Under Local Rule 7.3, "[b]efore the entry of a judgment adjudicating all of the claims . . . in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court." W.D. Tenn. R. 7.3(a). The moving party must specifically show:

>(1) A material difference in fact or law from that which was presented to the Court before entry of

3

> the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b).

Motions to reconsider interlocutory orders are not otherwise permitted. W.D. Tenn. R. 7.3(a). However, Local Rule 1.1(e) allows the Court to "deviate from any provision of any Local Rules of this Court, when appropriate for the needs of the case and the administration of justice." W.D. Tenn. R. 1.1(e).

### III. Analysis

Allure asks the Court to reconsider whether its TRO Motion against Sofiehouse was rendered moot by the Default Judgment Order. Allure argues that the TRO Motion was not rendered moot because the Default Judgment Order does not constitute a final judgment. On reconsideration, Allure asks the court to grant its TRO Motion and seeks an asset freeze against Sofiehouse.

The Court agrees that the Default Judgment Order was not a final judgment. When multiple parties are involved, a court may direct entry of final judgment as to one or more but fewer than all parties. Fed. R. Civ. P. 54(b). Judgment is not final when the assessment of damages remains. Woosley v. Avco Corp., 944

4

F.2d 313, 316 (6th Cir. 1991) (citing Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976)).  In their Motion for Default Judgment, Plaintiffs sought default judgment as to liability against Sofiehouse and 93 other Defendants.  (ECF No. 75.)  The Default Judgment Order granted default judgment only as to liability and did not rule on damages or injunctive relief.  (ECF No. 87.)  Because the issue of damages remains, the Default Judgment Order is not a final judgment against Sofiehouse.

Although the Default Judgment Order is not a final judgment, the TRO Motion, construed as a Motion for a TRO or a preliminary injunction, remains moot.  TROs are "limited to preserving the status quo only for so long as is necessary to hold a hearing." First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) (quoting Univ. of Texas v. Camensich, 451 U.S. 390, 395 (1981)).  The Default Judgment Order obviates the need for a hearing or a trial on the merits.  Because the request for a TRO is moot, Allure's TRO Motion and request for an asset freeze are DENIED.

**IV.  Conclusion**

For the foregoing reasons, Allure's Motion is GRANTED, and the Default Judgment Order is revised to state that it is not a final judgment.  All other reconsiderations sought in the Motion are DENIED.

So ordered this 16th day of August, 2022.

          */s/ Samuel H. Mays, Jr.*
          SAMUEL H. MAYS, JR.
          UNITED STATES DISTRICT JUDGE