IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC. D/B/A ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CLOUDFLARE, INC. AND DOES 1-200, INCLUSIVE, <br><br> Defendants. | ) ) ) ) ) No. 2:20-cv-02007-SHM-atc ) ) ) ) ) ) ) ) |

**PLAINTIFFS' NOTICE OF REQUEST FOR ORAL ARGUMENT ON DEFENDANT IMERLE LIMITED HK'S MOTION TO SET ASIDE A DEFAULT JUDGMENT**

Plaintiffs Justin Alexander, Inc. ("Justin") and American Clothing Express, Inc. d/b/a Allure Bridals ("Allure" with Justin, "Plaintiffs") submit this Notice of their request that the Court schedule oral argument on Defendant Imerle, Limited HK's ("Imerle"), Motion to Set Aside A Default Judgment (the "Motion"). (ECF No. 87.) Plaintiffs respectfully submit that oral argument would assist the Court in its deliberation on the issues raised by Imerle's Motion and the additional arguments raised in Imerle's reply in support of its Motion. In support of this request, Plaintiffs state as follows:

Defendants' Motion is brought under Federal Rule of Civil Procedure 55(c), which grants permission to district courts to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While this Court may rule on motions based on their briefing, upon a request by either party, the Court has the discretion to set a hearing on a motion. L.R. 7.2(b), (d). Oral argument is appropriate here because Imerle continues to make reckless assertions regarding the work-for-hire and assignment agreements produced by Allure, despite Plaintiffs' production of these documents over

1

one year ago. (ECF No. 181, at 4.) In addition, Imerle presented new case law in it Reply brief to rebut arguments in Plaintiffs' response, and Plaintiffs have not had the opportunity to respond to this additional authority. (*Id.* at 1, 3–4.) Oral argument will enable Plaintiffs to further demonstrate that vacating the default judgment nearly five years after suit was filed will prejudice Plaintiffs and why Imerle's admittedly tactical decision to default in the first place, and then continuing failure to seek to vacate that default for years, precludes it from demonstrating good cause under Rule 55(c). Plaintiffs believe that oral argument will be especially helpful for the Court because Plaintiffs can further explain how the events that have transpired in this case and in the Related Case during the two and a half years since the default judgment was entered warrant denying Imerle's motion.

Plaintiffs respectfully request oral argument with respect to Imerle's Motion to Set Aside Default Judgment for the reasons set forth herein.

DATED: August 23, 2024

Respectfully submitted,

s/ Nicole Berkowitz Riccio
Grady M. Garrison (TN #8097)
Nicole Berkowitz Riccio (TN #35046)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-2303
Email: ggarrison@bakerdonelson.com
Email: nberkowitz@bakerdonelson.com

Russell Bogart (NY #2856078)
Stuart Kagen (NY #SK6496)
(Admitted *Pro Hac Vice*)
**KAGEN, CASPERSEN & BOGART, PLLC**
551 Madison Avenue, 12th Floor
New York, NY 10022

2

Telephone:  (212) 880-2045
Facsimile:  (646) 304-7879
Email:  rbogart@kagencaspersen.com
Email:  skagen@kagencaspersen.com

*Attorneys for Plaintiffs American Clothing Express, Inc. d/b/a Allure Bridals and Justin Alexander, Inc.*