IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC. d/b/a ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC. AND DOES 1-200, INCLUSIVE, <br>     Defendant. | Case No. 2:20-cv-02007-SHM-atc <br><br> DEMAND FOR JURY TRIAL |

**IMERLE HK'S OPENING BRIEF REGARDING DAMAGES ISSUES**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .................................................................................................................................1

    I.     THE PLAIN LANGUAGE OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES A JURY TRIAL..........................................................1

    II.    REGARDLESS, THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A JURY TRIAL ON DAMAGES..............................3

CONCLUSION................................................................................................................................4

CERTIFICATE OF SERVICE .......................................................................................................5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ault v. Baker*,
  No. 4:12-cv-00228-KGB, 2013 U.S. Dist. LEXIS 43404 (E.D. Ark. Mar. 27,
  2013) ..........................................................................................................................6, 9

*Bank of N.S. v. United States*,
  487 U.S. 250 (1988) ................................................................................................................6

*Barber v. Turberville*,
  218 F.2d 34 (D.C. Cir. 1954) ..................................................................................................5

*DOC v. New York*,
  588 U.S. 752 (2019) ................................................................................................................6

*Frankart Distributors, Inc. v. Levitz*,
  796 F. Supp. 75 (E.D.N.Y. 1992) ...........................................................................................6

*Freeman v. Giuliani*,
  Civil Action No. 21-3354 (BAH), 2023 U.S. Dist. LEXIS 216074 (D.D.C.
  Dec. 3, 2023) ...........................................................................................................................5

*Kormes v. Weis, Voisin & Co.*,
  61 F.R.D. 608 (E.D. Pa. 1974) ................................................................................................6

*Mitchell v. Bd. of Cty. Comm'rs of Santa Fe*,
  No. CIV 05-1155 .....................................................................................................................5

*Pollock v. Brown*,
  441 A.2d 276 (D.C. 1982) .......................................................................................................6

*Walker v. Armco Steel Corp.*,
  446 U.S. 740 (1980) ................................................................................................................4

*Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., LLC*,
  282 F.R.D. 604 (D. Utah 2012) ...............................................................................................5

**Other Authorities**

Fed. R. Civ. P. 38(d) .............................................................................................................4, 5, 6, 7

Fed. R. Civ. P. 55(b) ......................................................................................................................6

8 MOORE'S FEDERAL PRACTICE – CIVIL § 38.50[10][b] ..................................................................5

1 Moore's Federal Rules Pamphlet § 38.6[3] (2024) ................................................................5

Pursuant to the Court's directive at the November 20, 2024 status conference, Doc. 187, Intervenor Imerle Limited (HK) ("Imerle HK") respectfully submits this opening brief regarding damages issues.

## PRELIMINARY STATEMENT

Imerle HK respectfully requests that the Court enter a scheduling order (1) providing for a five-month period of fact discovery on the remaining issue of damages, (2) providing for a three-month period of expert discovery on the remaining issue of damages, and (3) scheduling a three-day jury trial solely on the issue of damages.

As explained below, Imerle HK is entitled to a jury trial on the issue damages, pursuant to the plain language the Federal Rules of Civil Procedure. Regardless, Imerle HK respectfully submits that the Court should, in its discretion, order a jury trial. Because there is no binding Sixth Circuit authority on this issue, entering a damages award without affording Imerle HK a jury trial risks reversal on appeal. The most prudent course is, therefore, to have a jury trial on damages in the first instance.

## ARGUMENT

**I.   THE PLAIN LANGUAGE OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES A JURY TRIAL**

"The Federal Rules should be given their plain meaning." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980). Federal Rule of Civil Procedure 38(d) provides that "[a] party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn *only if the parties consent*." (emphasis added).

Here, Plaintiffs made a jury demand in their Complaint. *See* Doc. 1 at 1 ("Demand for Jury Trial"). Because Imerle HK does not consent to the withdrawal of that jury demand, the plain language of Federal Rules of Civil Procedure compels the conclusion that Plaintiffs cannot withdraw their jury demand and Imerle HK is entitled to a trial on the issue of damages.

1

This result not only complies with the plain language of the Federal Rules of Civil Procedure; it also makes good policy sense. When the plaintiff has "endorsed upon the complaint a demand for a jury trial," a defaulting defendant "neither knowingly assent[s] to the abandonment of her right to a jury determination of the unliquidated damages nor consent[s] to the withdrawal of the plaintiff's demand." *Barber v. Turberville*, 218 F.2d 34, 37 (D.C. Cir. 1954). In other words, when served with a complaint containing a jury demand, a defendant rightly expects a jury trial to determine any unliquidated damages, regardless of whether that defendant intends to contest the underlying allegations about liability.

For this reason, numerous courts and leading commentators have agreed that a defaulting defendant is entitled to a jury trial on damages when the plaintiff's complaint contains a jury demand. *See* 8 MOORE'S FEDERAL PRACTICE – CIVIL § 38.50[10][b] ("Even a defendant who has had a default entered against it must consent to withdrawal of the plaintiff's jury demand once it has been properly made because such a defendant may still be entitled a jury trial on the issue of damages."); 1 MOORE'S FEDERAL RULES PAMPHLET § 38.6[3] (2024) ("A defendant in default, however, may rely on the plaintiff's jury demand to request a jury trial on damages, even if the plaintiff purports to withdraw the demand."); *Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., LLC*, 282 F.R.D. 604, 605 (D. Utah 2012) (collecting cases) ("The plain language of Rule 38(d) suggests that one party may not unilaterally withdraw its request for a jury trial if the other party does not consent. And nothing in the language of this rule implies that the non-consenting party loses its right to a jury trial simply because it is in default."); *Mitchell v. Bd. of Cty. Comm'rs of Santa Fe*, No. CIV 05-1155 JB/LAM, 2007 U.S. Dist. LEXIS 55674, at *33 (D.N.M. May 9, 2007) ("The Court is not aware, however, of any authority indicating that, once a plaintiff demands a jury trial, the defaulted defendant does not retain his right to a jury trial on damages under the Federal Rules of Civil Procedure."); *Freeman v. Giuliani*, Civil Action No. 21-3354 (BAH), 2023 U.S. Dist. LEXIS 216074, at *14 n.3 (D.D.C. Dec. 3, 2023) (holding "courts have, in fact, concluded that, notwithstanding Rule 55(b)(2)'s requirements for a determination of damages, Rule 38(d), which states that a jury demand may be withdrawn only if the parties consent, extends

2

to an appearing defendant after an entry of default, including as a sanction[]"); *Kormes v. Weis, Voisin & Co.*, 61 F.R.D. 608, 610 (E.D. Pa. 1974) (ruling that jury demand associated with damages hearing could not be unilaterally withdrawn in a case where the defaulted defendant made an appearance); *Ault v. Baker*, No. 4:12-cv-00228-KGB, 2013 U.S. Dist. LEXIS 43404, at *31-32 (E.D. Ark. Mar. 27, 2013) (requiring jury trial on damages for defaulted defendant because "defendants have not consented to the withdrawal of the jury demand by Mr. Ault."); *accord Pollock v. Brown*, 441 A.2d 276, 280 (D.C. 1982) ("A case initially headed for a jury but detoured from that path by a temporary entry of default once again must proceed to a jury when the default is lifted, unless the parties consent to the contrary.").

In arguing for the contrary result, Plaintiffs have relied upon Federal Rule of Civil Procedure 55(b), which states, in relevant part, that "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: . . . determine the amount of damages[.]" Plaintiffs claim that Imerle HK has no "federal statutory right to a jury trial" and so Rule 38(d) is in applicable.

The plain language of Rule 55(b), however, does not reference or abrogate Rule 38(d). Rule 38(d) deals specifically with the circumstances under which a party may withdraw a jury demand. Because Rule 38(d) is the more specific provision on this point, it controls. *See DOC v. New York*, 588 U.S. 752, 830 (2019) ("[T]he specific provision must take precedence."). Moreover, the federal rules adopted by the Supreme Court are "as binding as any statute duly enacted by Congress[.]" *Bank of N.S. v. United States*, 487 U.S. 250, 255 (1988). Plaintiffs cannot withdraw their jury demand without Imerle HK's consent.

## II. REGARDLESS, THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A JURY TRIAL ON DAMAGES

In any event, it is undisputed that the court has discretion to order a jury trial on damages, even in the absence of such a right. *See* Fed. R. Civ. P. 55(b); *e.g.*, *Frankart Distributors, Inc. v. Levitz*, 796 F. Supp. 75, 77 (E.D.N.Y. 1992).

Whether Rule 38(d) affords the right to a jury trial under these circumstances has not been decided by the Sixth Circuit. If the Court declines to order damages discovery followed by a jury trial, and then the Sixth Circuit concludes as a matter of first impression that a jury trial was required, then the parties and the Court will be required to start over and do more work on remand. Ordering a jury trial now, in the Court's discretion, would eliminate this possibility.

## CONCLUSION

For the foregoing reasons, Imerle HK respectfully requests that the Court enter a scheduling order (1) providing for a five-month period of fact discovery on the remaining issue of damages, (2) providing for a three-month period of expert discovery on the remaining issue of damages, and (3) schedule a three-day jury trial solely on the issue of damages.

Respectfully submitted,

s/ Tim Warnock
Tim Warnock (TN BPR #12844)
Keane Barger (TN BPR #33196)
LOEB & LOEB LLP
35 Music Square East, Suite 310
Nashville, TN 37203
(615) 749-8300
(615) 749-8308 (facsimile)
twarnock@loeb.com
kbarger@loeb.com

*Counsel for Imerle Limited (HK)*

4

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system upon:

Grady M. Garrison
Nicole Berkowitz Riccio
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000
(901) 577-2303 (facsimile)
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

Russell Bogart
Stuart Kagen
KAGEN, CASPERSEN & BOGART PLLC
551 Madison Avenue, 12th Floor
New York, NY 10022
(212) 880-2045
(646) 304-7879 (facsimile)
rbogart@kcbfirm.com
skagen@kcbfirm.com

this the 4th day of December, 2024.

                                                            s/ Tim Warnock