IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN CLOTHING EXPRESS, INC. d/b/a ALLURE BRIDALS AND JUSTIN ALEXANDER, INC., <br><br>    Plaintiffs, <br><br> v. <br> CLOUDFLARE, INC. AND DOES 1-200, INCLUSIVE, <br><br>    Defendant. | Case No. 2:20-cv-02007-SHM-atc <br><br> DEMAND FOR JURY TRIAL |

**IMERLE HK'S RESPONSE BRIEF REGARDING DAMAGES ISSUES**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ..................................................................................................................... 1

    I.    PLAINTIFFS' OPENING BRIEF CONSISTS PRIMARILY OF IRRELEVANT PERSONAL ATTACKS .............................................................. 1

    II.    THE PLAIN LANGUAGE OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES A JURY TRIAL ......................................................... 2

    III.    THE RULES OF CIVIL PROCEDURE REQUIRE LIMITED, POST-DEFAULT DISCOVERY ........................................................................................ 3

    IV.    REGARDLESS, THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A JURY TRIAL ON DAMAGES .............................. 3

CONCLUSION .................................................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boehne v. C.H. Robinson Worldwide, Inc.*,
  No. 3:23-cv-00158, 2024 U.S. Dist. LEXIS 157849 (S.D. Ohio Sep. 3, 2024) ........................3

*Cass Cty. Music Co. v. C.H.L.R., Inc.*,
  88 F.3d 635 (8th Cir. 1996) ..................................................................................................2

*Clague v. Bednarski*,
  105 F.R.D. 552 (E.D.N.Y. 1985) ...........................................................................................3

*Feltner v. Columbia Pictures Tv*,
  523 U.S. 340 (1998) ..............................................................................................................2

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ..............................................................................................................3

*Masino v. A to E, Inc.*,
  No. 09 CV 1651(KAM), 2010 U.S. Dist. LEXIS 98853 (E.D.N.Y. Sep. 3, 2010) ................................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 1 ...........................................................................................................................3

Fed. R. Civ. P. 38(a) ....................................................................................................................2

Fed. R. Civ. P. 38(d) ................................................................................................................1, 2

Fed. R. Civ. P. 55(b)(2) ...............................................................................................................2

Fed. R. Civ. P. 81 .........................................................................................................................3

Pursuant to the Court's directive at the November 20, 2024 status conference, Doc. 187, Intervenor Imerle Limited (HK) ("Imerle HK") respectfully submits this response brief regarding damages issues.

## ARGUMENT

**I.     PLAINTIFFS' OPENING BRIEF CONSISTS PRIMARILY OF IRRELEVANT PERSONAL ATTACKS**

Apparently unable to contain themselves, Plaintiffs devote most of their opening brief to issues that have nothing to do with the question at hand: whether the Court should resolve the damages issues in this case through a jury trial preceded by limited discovery on damages.

As the Court noted during the November 20, 2024 status conference in response to Plaintiffs' griping about delay, those complaints about delay (Doc. 190 at 2-4, 6 n.2, 18-19 n.6) are irrelevant. It does not matter how long a case takes; judgment may only be entered in accordance with the law. Plaintiffs complain about discovery and sanctions motions pending in a different case and ask the Court to assume that Imerle HK would "flout any discovery obligation[s]" in this case. (*Id.* at 3-6, 16 n.5, 18-20.) But the plain language of Federal Rule of Civil Procedure 38(d) is immutable and does not change based on how a different case has unfolded. Nor do Plaintiffs cite any authority for the extraordinary proposition that a Court can deny a party the opportunity to engage in discovery and defend itself before a jury based on a court's assumption that a party will not meaningfully participate in discovery in the future.

Imerle HK respectfully requests that the Court disregard Plaintiffs' *ad hominem* attacks and see them for what they are: an attempt to poison the well and distract from the duty to apply a dispassionate, reasoned analysis of the law.

1

## II. THE PLAIN LANGUAGE OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES A JURY TRIAL

At its core, Plaintiffs' contention is that Plaintiffs can withdraw their demand for a jury trial without the consent of Imerle HK. That is wrong.

There can be no debate that Plaintiffs had a right to a jury trial on their claims for copyright infringement. *See, e.g.*, *Feltner v. Columbia Pictures Tv*, 523 U.S. 340 (1998); *Cass Cty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 644 (8th Cir. 1996) ("We hold that either party in a copyright infringement suit is entitled under the Seventh Amendment to a jury trial on demand."). Once the "right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute" has been demanded, as Plaintiffs did here, that "proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(a), (d).

Accordingly, Plaintiffs' argument that a defaulting party has no constitutional or statutory right to a jury trial (Doc. 190 at 9-11) is irrelevant here. Because Plaintiffs had a constitutional or statutory right to a jury trial and exercised that right through their proper demand, that demand may not be withdrawn without Imerle HK's consent. Imerle's own constitutional or statutory right to a jury trial after default does not matter. In a sleight of hand, Plaintiffs' arguments incorrectly put the emphasis on whether Imerle HK has a constitutional or federal statutory right to a jury trial. Whether Imerle HK has such a right is beside the point. The question is whether Plaintiffs can withdraw their jury demand without Imerle HK's consent. They cannot.

Plaintiffs argue that Rule 55(b)(2) nonetheless authorizes Plaintiffs to withdraw their jury demand because Rule 38(d) is not a "federal statutory right to a jury trial." (Doc. 190 at 15-16.) Rule 55(b)(2), however, does not speak to the circumstances under which a party may withdraw its own jury demand. *Only* Rule 38(d) does. Thus, Rule 38(d)—and not Rule 55(b)(2)—governs the analysis here. To hold otherwise would rewrite Rule 38(d). The rewritten rule would say, "A proper demand may be withdrawn only if the parties consent <u>or a party defaults</u>." But that is not what Rule 38(d) says, and district courts are not free to rewrite the Federal Rules of Civil Procedure.

## III. THE RULES OF CIVIL PROCEDURE REQUIRE LIMITED, POST-DEFAULT DISCOVERY

Likewise, the law entitles Imerle HK to engage in discovery and test Plaintiffs' damages theories. The source of that authority is the plain language of the Federal Rules of Civil Procedure. "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1; Fed. R. Civ. P. 81 (not excluding cases in which a party defaults). As the Supreme Court has stated, the civil discovery rules are "available in all types of cases at the behest of any party, individual or corporate, plaintiff or defendant." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Consistent with the plain language of the Rules, numerous courts have held that "[d]efendants in default are entitled to discovery regarding unliquidated damages." *Masino v. A to E, Inc.*, No. 09 CV 1651(KAM), 2010 U.S. Dist. LEXIS 98853, at *11 (E.D.N.Y. Sep. 3, 2010); *Boehne v. C.H. Robinson Worldwide, Inc.*, No. 3:23-cv-00158, 2024 U.S. Dist. LEXIS 157849, at *6 (S.D. Ohio Sep. 3, 2024) (stating a party "is entitled to discovery in connection with the post-default damages inquiry" but the "scope" of such discovery "will be limited" to damages (quoting *SEC v. Wang & Lee*, No. 88 Civ. 4461, 1989 U.S. Dist. LEXIS 15346 (S.D.N.Y. June 22, 1989)); *Clague v. Bednarski*, 105 F.R.D. 552, 552 (E.D.N.Y. 1985).

## IV. REGARDLESS, THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A JURY TRIAL ON DAMAGES

Plaintiffs do not acknowledge the fact that, if they are wrong about their request to bypass limited damages discovery and a jury trial on damages, then everyone involved will be required to do more work on a remand after a potential reversal. Imerle HK therefore respectfully requests that, in the alternative, the Court exercise its discretion to permit limited discovery on damages and order a jury trial on damages.

## **CONCLUSION**

For the foregoing reasons, Imerle HK respectfully requests that the Court enter a scheduling order (1) providing for a five-month period of fact discovery on the remaining issue of

damages, (2) providing for a three-month period of expert discovery on the remaining issue of damages, and (3) schedule a three-day jury trial solely on the issue of damages.

Respectfully submitted,

s/ Tim Warnock
Tim Warnock (TN BPR #12844)
Keane Barger (TN BPR #33196)
LOEB & LOEB LLP
35 Music Square East, Suite 310
Nashville, TN 37203
(615) 749-8300
(615) 749-8308 (facsimile)
twarnock@loeb.com
kbarger@loeb.com

*Counsel for Imerle Limited (HK)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system upon:

Grady M. Garrison
Nicole Berkowitz Riccio
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000
(901) 577-2303 (facsimile)
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

Russell Bogart
Stuart Kagen
KAGEN, CASPERSEN & BOGART PLLC
551 Madison Avenue, 12th Floor
New York, NY 10022
(212) 880-2045
(646) 304-7879 (facsimile)
rbogart@kcbfirm.com
skagen@kcbfirm.com

this the 18th day of December, 2024.

s/ Tim Warnock