IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN CLOTHING EXPRESS, INC. d/b/a ALLURE BRIDALS and JUSTIN ALEXANDER, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:20-cv-02007-SHM-atc |
| CLOUDFLARE, INC. and DOES 1-200, inclusive, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER RESOLVING PARTIES' JOINT MOTION ON DAMAGES PROCEDURE**

Before the Court is the parties' Joint Motion for Scheduling Order or Pretrial Conference, filed November 11, 2024. (ECF No. 185.) For the reasons that follow, Defendant Imerle Limited (HK) ("Imerle" or "Defendant"), having defaulted, is not entitled to a jury trial on the issue of damages. The parties' Joint Motion for a Scheduling Order (ECF No. 185) is **GRANTED**. Imerle's request for a jury trial and post-default discovery is **DENIED**.

Within 30 days of this Order, Plaintiffs shall submit a brief and evidence supporting their damages claims against all defaulted Defendants. If new counsel for Imerle appears within the initial 30-day period, new counsel shall have 30 days after Plaintiffs' submission to submit a brief and supporting evidence

on behalf of Imerle. After reviewing the parties' briefing and evidentiary material, the Court will determine whether a hearing or further inquiry is necessary. If not, the Court will calculate the appropriate damages and enter a default judgment.

## I. Background

In January 2020, Plaintiffs filed a Complaint against former Defendant Cloudflare and unnamed defendant individuals or entities that controlled hundreds of websites alleged to infringe Plaintiffs' copyrighted materials ("Does 1-200"). (See ECF No. 1.) After obtaining the contact information for the John Doe operators of the infringing websites from Cloudflare through expedited discovery approved by the Court (see ECF Nos. 23, 24), Plaintiffs received the Court's permission to serve the unnamed website operators by the email addresses corresponding to the offending domain names. (See ECF Nos. 42, 52.) The Clerk entered default against 94 of the defendant website operators in September and October 2021. (ECF Nos. 62, 66.)

On January 26, 2022, the Court granted Plaintiffs' Motion for Default Judgment as to liability against 94 website operator defendants for the copyright-infringing conduct. (See ECF No. 87.) The Court has not entered judgment as to damages. (See id.) In their Amended Complaint, Plaintiffs specifically identified Imerle as the entity that controlled 11 of the websites whose

2

operators were subject to the default judgment on liability. (See ECF No. 155, ¶¶ 11, 143-50.)

In March 2023, Plaintiffs filed a related case in this District against Imerle. In June 2023, Imerle filed a Motion to Enter this case because "11 website domains (Does) identified in this case are alleged to belong to Imerle. Counsel represents Imerle in the related case, and requests to now enter this case in an effort to review sealed documents necessary to formulate a defense to the assertions herein." (ECF No. 141.) Plaintiffs did not oppose Imerle's request to view the sealed documents in the case, but did oppose the Motion to Enter, predicting that it was "a test run for Imerle's anticipated motion to vacate the default judgment entered in this case." (ECF No. 143, at 1-2.) On February 21, 2024, the Court granted Imerle's request to enter, finding it was a necessary party requiring joinder under Rule 19(a)(2) after Plaintiffs had named Imerle in their amended complaint. (See ECF No. 157.)

On July 29, 2024, Imerle filed a Motion to Set Aside Default Judgment against the operator(s) identified by 11 of the infringing website domains. (See ECF No. 174.) The Court denied Imerle's Motion on October 18, 2024, finding absence of good cause to set aside default. (See ECF No. 184.)

After the Court had denied Defendant Imerle's Motion to Set Aside Default Judgment, Plaintiffs sought an amended scheduling

3

order outlining a process for the Court to determine the damages to which Plaintiffs would be entitled. (See ECF No. 185.) Imerle sought a pretrial conference and the setting of a jury trial on the issue of damages alone. (See id.) On November 20, 2024, the Court held a telephonic status conference and requested additional briefing on the issue. (ECF No. 187.)

On December 4, 2024, Imerle filed its Opening Brief Regarding Damages Issues (ECF No. 188), and Plaintiffs filed their Brief on the Procedure for Addressing Damages (ECF Nos. 189-90). On December 18, 2024, Defendant filed a Response Brief (ECF No. 191), and Plaintiffs filed a Reply Brief (ECF No. 192).

On March 5, 2025, counsel for Imerle sought to withdraw from their representation of Imerle in this case for "professional reasons," that could be explained to the Court in camera. (ECF Nos. 193; 193-1.) The United States Magistrate Judge granted Imerle's counsel's Motion to Withdraw on March 6, 2025, ordered Imerle to retain new counsel, and ordered that successor counsel appear by April 7, 2025. (ECF No. 194.)

Imerle has failed to comply with the Magistrate Judge's Order. As of April 17, 2025, Defendant has not hired successor counsel, or successor counsel has not entered a notice of appearance.

**II.   Law and Analysis**

    **A.   Post-Default Jury Trial**

Federal Rule of Civil Procedure 55(b)(2) provides that, when a default judgment has been sought, and notice has been provided to the defaulting party's representative:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

Defendant invokes Rule 55's parenthetical clause, "preserving any federal statutory right to a jury trial," to claim that it is entitled to a jury trial on the issue of damages in this case. Defendant argues that Federal Rule of Civil Procedure 38 governs the "federal statutory right to a jury trial" preserved by Rule 55.

Rule 38 provides that the "right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Under Rule 38, a "party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d)

The Federal Rules of Civil Procedure "have the same force of law that any statute does." In re Nat'l Prescription Opiate Litig., 956 F.3d 838, 841 (6th Cir. 2020). Although Rule 38 does not independently grant a right to a jury trial, in this case, Plaintiffs properly invoked their right to a jury trial. Other defendants answered and litigated this case, but Imerle defaulted. Now, Defendant Imerle argues that, because it has not consented to a withdrawal of Plaintiffs' original jury demand, it is entitled to a jury trial on the only remaining issue: damages.

There is no binding precedent on this issue. However, many other federal courts have thoughtfully considered the issue and concluded that, generally, any entitlement to a jury trial is extinguished by a party's default. In fact, "[c]aselaw dating back to the eighteenth century ... makes clear that the constitutional right to jury trial does not survive the entry of default." Verizon California Inc. v. Onlinenic, Inc., No. C 08-2832 JF (RS), 2009 WL 2706393, at *2 (N.D. Cal. Aug. 25, 2009) (quoting Benz v. Skiba, Skiba & Glomski, 164 F.R.D. 115, 116 (D. Me. 1995) (citing Brown v. Van Bramm, 3 Dall. [U.S.] 344, 355 (1797)).[1]

---

[1] See also Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1414 (9th Cir.1990) (holding that after default, "a party has no right to jury trial under either Fed. R. Civ. P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment"); Olcott v. Delaware

6

This Court joins the "majority of federal courts" in concluding that defaulted defendants' right to a jury trial is governed by Rule 55(b). See Freeman v. Giuliani, 2023 WL 8360664 at *4 (D.D.C. Dec. 3, 2023). The majority of courts have also concluded that the right to a jury trial is "extinguished for a plaintiff, too," after a default is entered. See id.; 10A Charles Alan Wright, et al., Fed. Practice & Procedure § 2688 (4th ed. 2023) The "only" federal statute that preserves the right to a jury trial under Rule 55(b) post-default is 28 U.S.C. § 1874.[2] See Sells v. Berry, 24 F. App'x 568, 572 (7th Cir. 2001); Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2688 (Rule 55(b)(2) "provides that the court must preserve any federal statutory right of trial by jury. The only relevant statute is Section 1874 of Title 28"). The majority interpretation is supported by the Advisory Committee notes promulgated contemporaneously with

---

Flood Co., 327 F.3d 1115, 1124 (10th Cir. 2003) ("Defendants do not have a constitutional right to a jury trial following entry of default."); Graham v. Malone Freight Lines, 314 F.3d 7, 16 (1st Cir. 1999) ("Neither the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default."); Henry v. Sneiders, 490 F.2d 315, 318 (9th Cir. 1974) ("[T]he Seventh Amendment right to trial by jury does not survive a default judgment.").

[2] 28 U.S.C. § 1874 provides that: "In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, wherein the forfeiture, breach, or nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due. If the sum is uncertain, it shall, upon request of either party, be assessed by a jury."

the adoption of Rule 55(b)(2). See Notes of Advisory Committee on Rules, 1937 Adoption, Note to Subdivision (b).

Defendant cites Moore's Federal Practice to support its theory that Plaintiffs' jury trial demand permits Defendant to compel a jury trial on damages after defaulting. See 8 Moore's Federal Practice - Civil § 38.50 (2025) ("Even a defendant who has had a default entered against it must consent to withdrawal of the plaintiff's jury demand once it has been properly made because such a defendant may still be entitled to a jury trial on the issue of damages."). Moore's conclusion is supported only by a footnote to one 2012 case in the District of Utah. See Zero Down Supply Chain Solutions, Inc. v. Global Transportation Solutions, Inc., 282 F.R.D. 604, 605–606 (D. Utah 2012).

Zero Down is unpersuasive. In addition to adopting the minority rule, it does not address the majority rule that a plaintiff's right to a jury trial, secured by a Rule 38 demand, also does not survive default. See Freeman, 2023 WL 8360664 at *4. Under the majority rule, the jury trial demand does not need to be "withdrawn" within the meaning of Rule 38 because it has been extinguished by the defendant's default.[3] See id. If Defendant in this case had never appeared, Plaintiffs would not be entitled to a jury trial on the issue of damages under the

---

[3] Unless the case arose under 28 U.S.C. § 1874, as explained above. See Sells, 24 F. App'x at 572.

8

majority rule.[4] It would not be logical if, after defaulting, Defendant could force a jury trial based only on Plaintiffs' original jury trial demand although Plaintiffs could not do so.

The canon of *lex specialis derogat legi generali* confirms this result. Although interpretive rules like *lex specialis* are not "binding law," they are "guides" for courts. See In re Anheuser-Busch Beer Labeling Mktg. & Sales Pracs. Litig., 644 F. App'x 515, 530-31 (6th Cir. 2016) (quoting Chickasaw Nation v. United States, 534 U.S. 84, 85 (2001)). Here, Rule 55 specifically governs the procedure in case of default. Rule 38 generally provides for jury trials, but its general application conflicts with the alternate procedure Rule 55 provides in the special circumstance of default. Because Rule 55's specific default procedures would be frustrated by Defendant's proposed application of Rule 38's general provision, *lex specialis* counsels the Court to follow the majority rule and the default-specific procedure prescribed by Rule 55.

The Court is not persuaded by Defendant's argument that the Court should nonetheless order a jury trial on damages because, if "the Sixth Circuit concludes as a matter of first impression

---

[4] The Court could exercise its discretion to order a jury trial, even absent a right. See Verizon, 2009 WL 2706393, at *2 n.2; Frankart Distributors, Inc. v. Levitz, 796 F. Supp. 75, 77 (E.D.N.Y. 1992); Roche Diagnostics Corp. v. Priority Healthcare Corp., No. 218-cv-01479, 2021 WL 289596, at *2 (N.D. Ala. Jan. 28, 2021).

that a jury trial was required, then the parties and the Court will be required to start over and do more work on remand." (ECF No. 188 at 4.) On these facts, the Court need not incur the expense of a jury trial to determine the damages to which Plaintiffs are entitled. Defendant's argument is particularly unpersuasive now that Defendant has failed to retain successor counsel to continue litigating this case. Defendant's request for a jury trial on the issue of damages is **DENIED**.

    **B.**    **Post-Default Discovery**

Defendant also seeks a five-month period of discovery addressing damages, followed by a three-month period of expert discovery on damages, before a final determination of damages. (ECF No. 191 at 3-4.) Although Rule 55(b)(2) provides that a "court may conduct hearings or make referrals," it does not specifically provide for any period of post-default discovery. See Ixotic AG v. Kammer, No. 09-cv-4345, 2010 WL 2734408, at *1 (E.D.N.Y. July 8, 2010). As other courts have noted:

> Under Rule 55(b), the *only* right a party against whom default has been entered and who has subsequently made an appearance in the case is the right to seven days' notice of any evidentiary hearing set to determine the amount of damages. At the most, it is within the court's discretion to allow discovery on the issue of damages.

See Arch Wood Prot., Inc. v. Flamedxx, LLC, No. 1:10-cv-282, 2012 WL 12965527, at *2 (E.D. Tenn. Feb. 3, 2012).

Defendant cites cases granting limited discovery to defaulted defendants on damages issues. See, e.g., Clague v. Bednarski, 105 F.R.D. 552, 552 (E.D.N.Y. 1985). Plaintiffs have cited cases denying discovery on damages after default. See, e.g., Arch Wood, 2012 WL 12965527.

The Court is disinclined to exercise its discretion to order discovery given Defendant's pattern of bad faith litigation tactics. In its Order Denying Motion to Set Aside Default Judgment, the Court concluded that:

> Imerle has offered no "credible explanation for the delay that does not exhibit disregard for the judicial proceedings." See Shepard, 796 F.2d at 195. (See ECF Nos. 175, 181.) Imerle has made no argument that its default was accidental or a result of lack of notice. Imerle has not denied that it willfully defaulted as part of a scheme to evade accountability for its many alleged violations of United States intellectual property laws. Imerle does not dispute that the only reason it entered this case and filed this Motion, years after defaulting, was that Plaintiffs were finally able to reach Imerle's assets in related cases. Imerle had an opportunity to respond to these contentions in its reply brief. It did not do so. (See ECF No. 181.) This default is one incident in a greater pattern of conduct flouting orders of United States Federal Courts. The Court can draw no other conclusion than that Imerle is "culpable" for this default, intended to "thwart justice," and that this default was part of a pattern of behavior exhibiting disregard for the Court and these proceedings. See Shepard, 796 F.2d at 195.

(ECF No. 184 at 10-11.) Plaintiffs have also detailed Defendant's contemporaneous refusal to comply with discovery in the related

11

case in the Western District of Tennessee.[5] Defendant's noncompliance has now extended to violating the Magistrate Judge's order to retain successor counsel in this case.

Defendant emphasizes that it "has the right to defend itself against the damages claims of Plaintiff *in this case*." (Id.) At this stage, discovery is not necessary to maintain that defense. As Plaintiffs explain, it is Defendant's refusal to timely appear and engage in the normal discovery process that limits the damages inquiry here. (See ECF No. 192 at 9.) Plaintiffs are now limited to the choice of presenting damages evidence in the form of a hypothetical license fee or electing statutory damages under the Copyright Act. (See id.) Given that limitation, post-default damages discovery is not necessary.

Had Defendant complied with the Magistrate Judge's order and continued appearing in this case, the Court would have provided Defendant the opportunity to contest Plaintiff's evidence and offer its own competing or mitigating evidence or theories of damages. Because, at this time, Defendant appears to have declined to retain successor counsel, the Court must proceed without additional briefing from Defendant.

---

[5] Defendant also appears to concede that any discovery would only be one sided, because it would assert Chinese law as a basis for noncompliance with any discovery requests by Plaintiffs. (See ECF Nos. 185 at 10; 192 at 8 fn.4.) The Court need not opine on whether such an asserted defense would be meritorious.

12

Should Defendant retain successor counsel and re-appear during the time for Plaintiffs to file the brief and evidence supporting their damages claims (30 days from the entry of this order), the Court will grant Defendant 30 days after Plaintiffs' filing to file briefing and evidence supporting Defendant's contentions about damages.

### III. Conclusion

Defendant has no right to a jury trial after defaulting. The Court declines Defendant's invitation to exercise its discretion to order a jury trial on the issue of damages alone, or to protract this litigation with unnecessary, one-sided discovery.

The Parties' Joint Motion for a Scheduling Order (ECF No. 185) is **GRANTED**. Imerle's request for a jury trial and post-default discovery is **DENIED**. The Court sets the following schedule:

Within 30 days of this Order, Plaintiffs shall submit a brief and evidence supporting their damages claims against all defaulted Defendants. If new counsel for Imerle appears within the initial 30-day period, new counsel shall have 30 days after Plaintiffs' submission to submit a brief and supporting evidence on behalf of Imerle. After reviewing the parties' briefing and evidentiary material, the Court will determine whether a hearing

13

or further inquiry is necessary. If not, the Court will calculate the appropriate damages and enter a default judgment.

    SO ORDERED this _17th_ day of April, 2025.

                               /s/ *Samuel H. Mays, Jr.*
                               SAMUEL H. MAYS, JR.
                               UNITED STATES DISTRICT JUDGE